**Miles LINCOLN, Appellant,**

v.

**DISTRICT 9 OF the INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS and Anheuser Busch Incorporated, Appellees.**

No. 82–1691.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 20, 1983.

Decided Dec. 27, 1983.

Rehearing Denied Jan. 25, 1984.

*9 of the International Association of Machinists,* 723 F.2d 627 (8th Cir.1983).

Bernard Edelman, Clayton, Mo., for appellant.

Thomas C. Walsh, Charles L. Wiest, Jr., St. Louis, Mo., for appellee Anheuser-Busch, Inc.; Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., of counsel.

Cary Hammond, Diekemper, Hammond & Shinners, St. Louis, Mo., for appellee Dist. No. 9, I.A.M.A.W.

Before ROSS and FAGG, Circuit Judges, and WATERS, District Judge.*

* The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

ROSS, Circuit Judge.

This case is on appeal from the judgment of the United States District Court for the Eastern District of Missouri.[1] Jurisdiction is invoked pursuant to 28 U.S.C. § 1291 (Supp.1983). The district court, 539 F.Supp. 1346, granted summary judgment in favor of appellees, Anheuser Busch, Inc. and District 9, on the basis that the suit filed under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1978) was not timely filed. This appeal followed.

*Background*

Lincoln was employed by Anheuser Busch and as a result of an altercation between Lincoln and his supervisor was discharged in September 1980. District 9, the collective bargaining agent, filed a grievance which was denied by the employer. On January 14, 1981, Lincoln was advised his grievance would be submitted to arbitration, but on November 20, 1980, he was told that it would not be submitted to arbitration. Lincoln filed suit on January 8, 1982.

Lincoln argues that his claim arose in October of 1981. He asserts this position, because criminal charges had been filed against him and Lincoln was advised that arbitration could not proceed until the claims were disposed of. The Union made a request for reinstatement after Lincoln was acquitted, but the employer refused stating the request was untimely. Thus, Lincoln argues his claim did not begin to run until October 1981.

Anheuser Busch argues that the statute began to run on January 14, 1981, when the Union informed Lincoln it would not take the case to arbitration. District 9 argues that Lincoln raises his tolling argument for the first time on appeal, and that he admitted in his answers to interrogatories that after January of 1981 he was never told his case would be arbitrated. The district court found that the January 14, 1981 date was the date the action began to run and

1. The Honorable James Meredith presiding.

under Missouri law the action would have to be filed no later than August 1981.

Subsequent to this decision, the Supreme Court decided the case of *DelCostello v. International Brotherhood of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The United States Supreme Court in *DelCostello* held that Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1973) with its six month limitation period governed section 301 suits. Previously, under *United Postal Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) the Court held that employees' claims against an employer were governed by a state statute of limitations for an action for vacation of an arbitration award rather than a state statute for an action for breach of contract. The Union did not appeal in *Mitchell,* and consequently, many issues were left unresolved. The Court held in *DelCostello* that the six month limitation period will apply to an employee alleging (1) breach of the collective bargaining agreement against the employer, and (2) breach of duty of fair representation against the union. Prior to the *Mitchell* decision, *Butler v. Local Union 823,* 514 F.2d 442 (8th Cir.), *cert. denied,* 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975) controlled and required that the most analogous state statute be applied in these cases.

*Retroactive Application of DelCostello*

Before ruling on the merits of this case, we must decide whether *DelCostello* is to be applied retroactively.

▪ Generally, we are required to apply the law in effect at the time we render a decision. *Gulf Offshore Oil Co. v. Mobil Oil Corp.,* 453 U.S. 473, 486 n. 16, 101 S.Ct. 2870, 2879 n. 16, 69 L.Ed.2d 784 (1981); *United States v. Schooner Peggy,* 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49 (1801).

As the Court stated in *Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974)

We anchor our holding in this case on the principle that a court is to apply the law in effect at the time it renders its decision, unless doing so would result in

manifest injustice or there is statutory direction or legislative history to the contrary.

*Id.* at 711, 94 S.Ct. at 2016.

Ultimately, in *Thorpe v. Housing Authority of the City of Durham,* 393 U.S. 268 [89 S.Ct. 518, 21 L.Ed.2d 474] (1969), the broader reading of *Schooner Peggy* was adopted and this Court ruled that "an appellate court must apply the law in effect at the time it renders its decision." *Id.,* at 281 [89 S.Ct. at 525].

*Id.* at 714, 94 S.Ct. at 2017. *See NLRB v. Monark Boat Co.,* 713 F.2d 355 (8th Cir. 1983).

And finally the court in *Bradley* indicated:

*Thorpe* thus stands for the proposition that even where the intervening law does not explicitly recite that it is to be applied to pending cases, it is to be given recognition and effect.

Accordingly, we must reject the contention that a change in the law is to be given effect in a pending case only where that is the clear and stated intention of the legislature.

*Id.* at 715, 94 S.Ct. at 2018. This court has likewise adopted that standard. *See Gross v. Harris,* 664 F.2d 667, 669 (8th Cir.1981); *Fulton v. Harris,* 658 F.2d 641, 643 (8th Cir.1981); *Flanigan v. Burlington Northern, Inc.,* 632 F.2d 880, 888–89 (8th Cir.1980), *cert. denied,* 450 U.S. 921, 101 S.Ct. 1370, 67 L.Ed.2d 349 (1981).

▪ In *Chevron Oil v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971) the Court set forth a three-factor test to determine when a case should be applied retroactively. The criteria to be considered are: (1) whether a new principle of law is established, (2) whether retroactive application would further or retard the operation of the rule, and (3) whether retroactive application would produce substantial inequitable results. This court has adopted the *Chevron* test. *See Mausen v. E.L. Lien & Sons, Inc.,* 670 F.2d 87, 90 (8th Cir.1981); *Rudolph v. Wagner Electric Corp.,* 586 F.2d 90, 92 (8th Cir.1978), *cert.*

*denied,* 441 U.S. 924, 99 S.Ct. 2033, 60 L.Ed.2d 397 (1979).

The appellants argue *DelCostello* clearly overruled *Mitchell,* that the underlying purpose of federal labor policies is to protect union members, and that retroactive application would have the effect of barring causes of action that might not have been barred under state law. Furthermore, they argue there was no standard as to which statute of limitations was applicable to section 301 suits by individuals against employers. As of January 1981, *Butler* was controlling. 514 F.2d 442.

■ We are inclined to agree with Anheuser Busch and District 9 that *DelCostello* should be applied retroactively. It appears that the Supreme court applied the *DelCostello* decision retroactively to *DelCostello* and to *Flowers.*[2] With regard to the *Flowers* case the Court stated:

> In No. 81–2408, it is conceded that the suit was filed more than ten months after respondents' causes of action accrued. The Court of Appeals held the suit timely under a state three-year statute for malpractice actions. Since we hold that the suit is governed by the six-month provision of § 10(b), we reverse the judgment.

103 S.Ct. at 2294. The Court remanded the *DelCostello* case for consideration of alleged events that operated to toll the statute of limitations.

We feel that the factors enunciated in *Chevron* have been met. First, *DelCostello* was not a clear break from prior law and notice of a shorter period being applicable was given in *Mitchell.* Thus, Lincoln's argument that he was relying on "clear past precedent" as required under *Chevron Oil* is without merit. Second, retroactive application of *DelCostello* would further the policy of prompt settlement, particularly since Lincoln waited over six months after the *Mitchell*[3] case was decided to file his suit. At the very least, the *Mitchell* case should have put Lincoln on notice that a shorter

time limitation might be imposed. And finally, for the reasons previously mentioned, we do not find the result to be unjust or inequitable so as to violate the third prong of the *Chevron* test.

Furthermore, we note that three other circuit courts and at least one district court have chosen to apply *DelCostello* retroactively. *Hand v. International Chemical Workers Union,* 712 F.2d 1350 (11th Cir. 1983) (per curiam); *Perez v. Dana Corp. & USWA,* 718 F.2d 581 (3d Cir.1983); *Storck v. International Brotherhood of Teamsters,* 712 F.2d 1194 (7th Cir.1983) (per curiam); *Harpp v. General Electric Co.,* 571 F.Supp. 426 (N.D.N.Y.1983); *Contra Sole v. Thorofare Markets, Inc.,* 571 F.Supp. 1233 (N.D. W.V.1983). As noted in *Perez,* "[a]s * * * circuits had applied statutes of limitations ranging from one to six years." Slip op. at 11 (footnote omitted). The same was true of district courts. This coupled with *Mitchell's* expression of an underlying labor policy favoring rapid resolution of labor disputes, lead us to the conclusion that *DelCostello* should be applied retroactively.

*Application of DelCostello to this case*

■ We agree with the district court that the statute of limitations began to run on January 14, 1981, when the Union informed Lincoln it would not take the case to arbitration. In *Butler* we held that the cause of action accrues on the date that the employee's grievance is finally rejected. *Butler* at 449–50. Lincoln admitted in his answers to interrogatories that he knew that his case would not be arbitrated as of January 14, 1981, and furthermore, the record shows that he waited until six months after *Mitchell* before filing suit. Under *DelCostello,* Lincoln could have filed suit until July 14, 1981. He did not file until January 8, 1982. For the aforementioned reasons, we hold that Lincoln's cause of action was not timely filed under *DelCostello.*

Judgment affirmed.

---

**2.** *United Steelworkers v. Flowers,* 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) was consolidated with *DelCostello.*

**3.** We note that Justice O'Connor indicated it was appropriate to apply *Mitchell* retroactively. 103 S.Ct. at 2296 n. 2.