### Lee O. EDWARDS, Jr., Plaintiff-Appellant,

v.

### TEAMSTERS LOCAL UNION NO. 36, BUILDING MATERIAL AND DUMP TRUCK DRIVERS, Defendants-Appellees.

### No. 82–5326.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 1982.

Decided Nov. 3, 1983.

Certiorari Denied March 19, 1984. See 104 S.Ct. 1599.

---

John S. Adler, San Diego, Cal., for plaintiff-appellant.

Richard D. Prochazka, San Diego, Cal., for defendants-appellees.

Before FLETCHER and NELSON, Circuit Judges, and EAST,* District Judge.

NELSON, Circuit Judge:

Edwards appeals from the dismissal of his suit against his union for breach of its duty of fair representation in grievance proceedings following his dismissal from employment. Edwards filed this action nearly a year after he was discharged, and more than ten months after his grievance against his employer was unfavorably resolved. The court below dismissed Edwards' claims against the employer and the union as untimely filed on the authority of *United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). Edwards appeals only the judgment for the union. We reverse that judgment and remand the case for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

This suit arises from the discharge of appellant Edwards by appellee Asphalt, Inc. (Asphalt). After seven years of continuous employment, Edwards was absent from work for health reasons for more than six months in 1980. When he attempted to return to work on December 24, he was dismissed. Edwards was a member of Teamsters Local Union No. 36, Building Material and Dump Truck Drivers (Union), which had a collective bargaining agreement (Agreement) in force with Asphalt.

After his termination, Edwards filed a grievance with the Union alleging he was

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

fired in violation of the Agreement. Because of the Union's conduct, Edwards has been unable to obtain a hearing on the merits of his grievance. The Union twice took this grievance before the Joint Conference Board, a three member arbitral body set up under the Agreement. The claim was dismissed at the first hearing because the Union had failed to refer the matter to the Joint Conference Board within fifteen days as required by the Agreement. By advancing additional grounds for the illegality of his termination, Edwards convinced the Union to refer his grievance to the Board a second time. This claim was denied on the ground that the Union had not originally communicated his grievance to the employer within ten days after it arose, again as required by the Agreement. It appears that there is nothing further Edwards could have done to press his claim.

Edwards filed this action on December 15, 1981. He charges that Asphalt violated the Agreement by dismissing him because of his health or because of protected union activities, giving rise to an action under section 301 of the Labor Management Relations Act. 29 U.S.C. § 185 (1976). Edwards further charges the Union with breaching its duty of fair representation in grievance proceedings, giving Edwards a cause of action under *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed. 842 (1967). There are additional pendent claims based on state law against both defendants.

The Union filed a motion to dismiss Edwards' suit on the ground that his federal law claims were filed too late. The district court relied on *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), in holding that the federal law claims were subject to California's 100-day limitation period for suits to vacate an arbitration award. Cal.Civ.Proc.Code § 1288 (West 1982). These claims were therefore dismissed. The court exercised its discretion to dismiss the state law claims as well, and so dismissed the entire suit.

## ISSUES

I. Whether the district court applied the correct California statute of limitations to Edwards' claims against the Union.

II. Whether the Supreme Court's recent decision in *Del Costello v. Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), should be applied retroactively.

## DISCUSSION

### I.

### *Selection of a California Statute of Limitations*

A discharged employee must exhaust the grievance procedures provided by the collective bargaining agreement before seeking direct legal redress. *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). "[I]f the contractual processes have been seriously flawed by the union's breach of its duty to represent employees honestly and in good faith and without invidious discrimination or arbitrary conduct," the employee has a cause of action against both the union and the employer. *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 570, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231, 245 (1976). A discharged employee can sue an employer under section 301 of the Labor Management Relations Act for terminating him in violation of the collective bargaining agreement. 29 U.S.C. § 185 (1976). A union is subject to suit for breach of the duty of fair representation implied from the National Labor Relations Act. *Vaca v. Sipes,* 386 U.S. 171, 176–78, 87 S.Ct. 903, 909–10, 17 L.Ed.2d 842, 849–50 (1967).

Section 301 of the LMRA, which establishes jurisdiction for both kinds of actions, does not provide a statute of limitations. The Supreme Court has established that in general, "the timeliness of a § 301 suit . . . is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." *UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192, 199 (1966).[1]

---

1. Because all the relevant events occurred in California and all parties are based in that

In *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 63–64, 101 S.Ct. 1559, 1564–65, 67 L.Ed.2d 732, 740–41 (1981), the Supreme Court held that in a section 301 suit brought against an employer, the proper limitations period is the one a state would apply to an action to vacate an arbitration award.[2] The court below held that *Mitchell* required it to apply the statute of limitations for an action to vacate an arbitration agreement to Edwards' claims against the Union as well as those against Asphalt.[3] The search for the appropriate statute of limitations is a decision of law. *See Butler v. Local 823, International Brotherhood of Teamsters,* 514 F.2d 442, 446 (8th Cir.1975), *cert. denied,* 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975). We review decisions of law *de novo. Miller v. United States,* 587 F.2d 991, 994 (9th Cir.1978).

Edwards argues that *Mitchell* does not require the same statute of limitations in a duty of fair representation claim as in a pure section 301 claim based on a breach of the collective bargaining agreement. This circuit has recently adopted that proposition. *McNaughton v. Dillingham Corp.,* 707 F.2d 1042 (9th Cir.1983), states:

> *Mitchell* did not resolve the question against a union of how an action for unfair representation should be characterized. Justice Stevens, who concurred in part and dissented in part, believed that the claim against the union for unfair representation may not be "characterized as an action to vacate an arbitration award...." 451 U.S. at 73, 101 S.Ct. at 1569, 67 L.Ed.2d at 746–47. We agree with his analysis.

*Id.* at 1047–48 (footnote omitted). We must therefore find another state statute of limitations for an employee's suit against his union.

Before the decision in *United Parcel Service v. Mitchell,* a case in this circuit held that because the duty of fair representation is an obligation fashioned by the courts from the National Labor Relations Act, a suit against a union for the breach of that duty is best characterized as an "action upon a liability created by statute." *Price v. Southern Pacific Transportation Co.,* 586 F.2d 750, 753 (9th Cir.1978); *accord Kaylor v. Crown Zellerbach, Inc.,* 643 F.2d 1362, 1369 (9th Cir.1981). *Price* therefore applied the three-year statute of limitations of Cal. Civ.Proc.Code § 338(1) (West 1982) to such actions.

We find nothing in *United Parcel Service* to call *Price's* analysis into question. *Price* properly looked to the nature of the claim in choosing an appropriate state statute of limitations. Moreover, the choice of a three-year statute does not violate federal labor policy, for two reasons. First, as discussed above, the possibility of employee suits against a union does not threaten the quick resolution of labor disputes by means of grievance proceedings. Second, a three-year period is in no sense inherently too long. *UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), the decision that established that "rapid disposition of labor disputes is a goal of federal labor law" for purposes of choosing a state statute of limitations for a section 301 action, itself applied a six-year statute of limitations. 383 U.S. at 707, 86 S.Ct. at 1114, 16 L.Ed.2d at 200.

state, California statutes are the proper source for a limitations period. *Price v. Southern Pac. Transp. Co.,* 586 F.2d 750, 753 (9th Cir.1978).

**2.** In *United Parcel Service v. Mitchell,* the Court declined to consider the possible applicability of National Labor Relations Act section 10(b)'s six-month period, 29 U.S.C. § 160(b) (1976), because it was not raised by the parties. 451 U.S. at 60 n. 2, 101 S.Ct. at 1562 n. 2, 67 L.Ed.2d at 738 n. 2. The Union does not argue here that § 10(b) should be applied to bar Edwards' action, and we follow *Mitchell* in declining to consider the question. The Supreme Court has recently adopted the six-month peri-

od for these suits, *Del Costello v. Teamsters,* — U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), but we decline to apply that decision retroactively in Part II *infra.*

**3.** The fact that the Union did bring Edwards' grievance to the Joint Conference Board distinguishes this case from *Christianson v. Pioneer Sand & Gravel Co.,* 681 F.2d 577 (9th Cir.1982). That decision stated that *United Parcel Service, Inc. v. Mitchell* does not apply where "the Union never even processed appellant's grievances." *Id.* at 580.

■ Accordingly, we reaffirm *Price's* holding that the California statute of limitations applicable to a suit against a union for the breach of the duty of fair representation is the three year statute for actions "upon a liability created by statute," provided by Cal.Civ.Proc.Code § 338(1). Edwards filed his suit within thirteen months of his termination and the events that followed. His claims against the Union were therefore timely, and their dismissal was incorrect.

## II.

*Impact of the Del Costello Decision*

■ Since this appeal was argued, the Supreme Court has held that the six-month period for bringing an unfair labor practice claim before the NLRB applies both to suits brought against an employer for breach of the collective bargaining agreement and to suits brought against a union for breach of the duty of fair representation. *Del Costello v. Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). *See* National Labor Relations Act § 10(b), 29 U.S.C. § 160(b) (1976) (six-month period). We do not, however, apply the rule to this case. Retroactive application of a *shorter* statute of limitations than that pertaining when the case was filed is inherently unfair. In *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the Supreme Court, in declining retroactive application of a statute of limitations, set forth three factors to consider:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ..., or by deciding an issue of first impression whose resolution was not clearly foreshadowed .... Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." ... Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a

decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

404 U.S. at 106–07, 92 S.Ct. at 355, 30 L.Ed.2d at 306 (citations omitted) (quoting *Linkletter v. Walker,* 381 U.S. 618, 629, 85 S.Ct. 1731, 1738, 14 L.Ed.2d 601, 608 (1965); *Cipriano v. City of Houma,* 395 U.S. 701, 706, 89 S.Ct. 1897, 1900, 23 L.Ed.2d 647, 652 (1969)); *accord Wiltshire v. Standard Oil Co.,* 652 F.2d 837, 840 (9th Cir.1981), *cert. denied,* 455 U.S. 1034, 102 S.Ct. 1737, 72 L.Ed.2d 153 (1982); *Singer v. Flying Tiger Line,* 652 F.2d 1349, 1353 (9th Cir.1981).

The first criterion is met because *Del Costello* effectively overrules the case relied on above, *Price v. Southern Pacific Transportation Co.,* 586 F.2d 750, 753 (9th Cir. 1978), which clearly applied a three-year statute of limitations to a discharged employee's suit against a union. Although Justice Stewart's concurrence in *Mitchell* advocated the limitations period later adopted in *Del Costello,* 451 U.S. at 65–71, 101 S.Ct. at 1565–68, 67 L.Ed.2d at 792–95, (Stewart, J., concurring), it appeared to run counter to the majority in *Mitchell* and certainly did not "clearly foreshadow" the *Costello* decision. We find Edwards could reasonably have relied on *Price* in filing this action. *See Wiltshire,* 652 F.2d at 841; *Singer,* 652 F.2d at 1353. As to the second criterion, we find that the reasons behind allowing actions against a union for the breach of the duty of fair representation would be disserved by barring suit by an employee when precedent existing at the time of filing permitted it. *Huson,* 404 U.S. at 107–08, 92 S.Ct. at 355, 30 L.Ed.2d at 306; *Wiltshire,* 652 F.2d at 841. The third criterion is also satisfied. As the court stated in *Huson,* "It would ... produce the most 'substantial inequitable results' .... to hold that the respondent 'slept on his rights' at a time when he could not have known the time limitation that the law imposed on him." 404 U.S. at 108, 92 S.Ct. at 356, 30 L.Ed.2d at 306–07 (quoting *Cipriano v. City of Houma,* 395 U.S. 701, 706, 89

S.Ct. 1897, 1900, 23 L.Ed.2d 647, 652 (1969)); *Wiltshire,* 652 F.2d at 841–42. This court stated in *Singer:* "[A] critical factor is that the [new] rule ... is not one which might have been anticipated." 652 F.2d at 1353. We find that Edwards was similarly unable to anticipate the rule in *Del Costello,* and accordingly decline to apply that rule retroactively under the three-part test set forth in *Huson.*

### CONCLUSION

The dismissal of Edwards' suit against the Union is reversed. The case is remanded for further proceedings on the claims against the Union.

REVERSED AND REMANDED.