**Richard GRAVES, Plaintiff, Appellant,**

v.

**SMITH'S TRANSFER CORPORATION, et al., Defendants, Appellees.**

No. 84–1039.

United States Court of Appeals, First Circuit.

Argued May 8, 1984.

Decided June 18, 1984.

Paul A. Manoff, Boston, Mass., with whom Levine & Manoff, Boston, Mass., and Margaret Cunnane Hall, Nashua, N.H., were on brief, for plaintiff, appellant.

Terence P. McCourt, Washington, D.C., with whom Charles P. O'Connor, and Morgan, Lewis & Bockius, Washington, D.C., were on brief, for Smith's Transfer Corp.

Scott F.˙ Innes, Manchester, N.H., with whom Christy & Tessier, Manchester, N.H., was on brief, for defendant, appellee Chauffeurs, Teamsters and Helpers Local Union 633.

Before CAMPBELL, Chief Judge, COFFIN and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

The only issue in this case is whether *DelCostello v. International Brotherhood of Teamsters, et al.*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), should be applied retroactively. In *DelCostello*, the Court held that the applicable statute of limitations in a case such as this brought under section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, is the six-month period prescribed in § 10(b) of the Act, 29 U.S.C. § 160(b). For the reasons that follow, we rule that *DelCostello* must be applied retroactively and affirm the district court's finding that plaintiff's action is time barred.

The case calendar starts with plaintiff's discharge by defendant-appellee Smith's Transfer Corporation on September 14, 1982. Plaintiff, represented by defendant-appellee Chauffeurs, Teamsters, and Helpers Local Union 633 filed a grievance. The grievance was decided against plaintiff and he was so notified in November 1982. As plaintiff concedes, this started the running of the statute of limitations. On June 8, 1983, the Supreme Court handed down its decision in *DelCostello*. On July 15, 1983, more than six months after his grievance was rejected, plaintiff initiated this action.

We start with the principle "that a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is a statutory direction or legislative history to the contrary." *Bradley v. Richmond School Board*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). *See also Gulf Offshore Co., A Division of Pool Co. v. Mobil Oil Corp.*, 453 U.S. 473, 486 n. 16, 101 S.Ct. 2870, 2879 n. 16, 69 L.Ed.2d 784 (1981).

The second reason leading to our conclusion is the presumption in the federal courts in favor of retroactivity; "the retroactive applicability of judicial decisions of the federal courts is the rule, not the exception." *Simpson v. Director, Office of Workers' Compensation Programs, United States Department of Labor*, 681 F.2d 81, 84–85 (1st Cir.1982), *cert. denied*, 459 U.S. 1127, 103 S.Ct. 762, 74 L.Ed.2d 977 (1983).

We find it significant, as did the Eighth and Eleventh Circuits, that the Supreme Court applied the six-month limitations period retroactively in both *DelCostello* and its companion case, *United Steel Workers of America, AFL–CIO–CLC v. Flowers and Jones*. *See Lincoln v. District 9 of International Association of Machinists and Aerospace Workers*, 723 F.2d 627, 630 (8th Cir.1983); *Rogers v. Lockheed-Georgia Company*, 720 F.2d 1247, 1249 (11th Cir. 1983).

The litmus test for nonretroactivity is, of course, the application of the factors enunciated in *Chevron Oil Company v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971):

In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First,

the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, *see, e.g., Hanover Shoe v. United Shoe Machinery Corp., supra* [392 U.S. 481] at 496 [88 S.Ct. 2224 at 2233, 20 L.Ed.2d 1231 (1968)] or by deciding an issue of first impression whose resolution was not clearly foreshadowed, *see, e.g., Allen v. State Board of Elections, supra* [393 U.S. 544] at 572 [89 S.Ct. 817 at 835, 22 L.Ed.2d 1 (1969)]. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." *Linkletter v. Walker, supra* [381 U.S. 618] at 629 [85 S.Ct. 1731 at 1738, 14 L.Ed.2d 601 (1965)]. Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." *Cipriano v. City of Houman, supra* [395 U.S. 701] at 706 [89 S.Ct. 1897 at 1900, 23 L.Ed.2d 647 (1969)].

■ As to the first factor, plaintiff argues that *DelCostello* abruptly and without warning stripped him of his justified reliance on a one year statute of limitations established by the United States District Court for the District of New Hampshire following *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). *Suwanchai v. International Brotherhood of Electrical Workers, Local 1973*, 528 F.Supp. 851, 857–61 (D.N.H.1981). We do not agree that *DelCostello* erupted from the Supreme Court firmament like a bolt out of the blue. *Mitchell* carried within it three clear portents of a change to come. The first is footnote 2 of the opinion of the Court which discusses the argument of *amicus* that the six-month limitations period of section 10(b) should apply. The Court stated:

"Our grant of certiorari was to consider *which* state limitations period should be borrowed, not whether such borrowing was appropriate." *Mitchell*, 451 U.S. at 60 n. 2, 101 S.Ct. at 1562 n. 2. The second omen was Justice Blackmun's concurring statement that "[a]lthough I find much that is persuasive in Justice Stewart's analysis, resolution of the § 10(b) question properly should await the development of a full adversarial record." *Mitchell*, 451 U.S. at 65, 101 S.Ct. at 1565. The third and clearest sign was, of course, Justice Stewart's concurring opinion urging the Court to adopt the limitations period of § 10(b) of the National Labor Relations Act. *Mitchell*, 451 U.S. at 65–71, 101 S.Ct. at 1565–1568. We think a careful reading of *Mitchell* would have suggested that the Court might well impose the six months limitations period of § 10(b) in this kind of situation. The test in this circuit for applying the first *Chevron* factor is "whether it weighs heavily, moderately, or only slightly against retroactivity." *Simpson v. Director*, 681 F.2d at 87. We think it clear that, in the light of *Mitchell*, the first factor weighs only slightly against retroactivity. "*DelCostello* was not a clear break from prior law and notice of a shorter period being applicable was given in *Mitchell*." *Lincoln v. Machinists and Aerospace Workers*, 723 F.2d at 630.

■ The second *Chevron* factor is whether retroactive operation will further or retard the rule in question which is based on the need for uniformity, providing a satisfactory opportunity for an aggrieved employee to vindicate his rights, and the relatively rapid final resolution of labor disputes. *DelCostello*, 462 U.S. at ___ – ___, 103 S.Ct. at 2286–94. We agree with the Third, Fourth, Fifth, Eighth, and Eleventh Circuits that giving retroactive effect to *DelCostello* will further the purpose of the rule. *See Murray v. Branch Motor Express Company*, 723 F.2d 1146, 1148 (4th Cir.1983); *Lincoln v. Machinists and Aerospace Workers*, 723 F.2d at 630 (8th Cir.); *Rogers v. Lockheed Georgia Company*, 720 F.2d at 1249–50 (11th Cir.); *Ed-*

*wards v. Sea-Land Service, Inc.,* 720 F.2d 857, 861–62 (5th Cir.1983); *Perez v. Dana Corporation, Parish Frame Division,* 718 F.2d 581, 587–88 (3d Cir.1983). We note that the *Edwards* and *Rogers* cases provide particularly useful support for a finding that *DelCostello* should be applied retroactively to the present facts; in both cases the plaintiffs argued that a longer state statute of limitations applied and yet the courts found it appropriate to apply *DelCostello* retroactively.

As far as the equitable factor is concerned, we find no such injustice or hardship that would militate against retroactive application. There has been no pretrial discovery or assiduous preparation on the merits of the case; all that was done was to file a complaint. Plaintiff has been stopped before he could get started; he has not been deprived of a judgment obtained before *DelCostello* came down.

■ We find that none of the *Chevron* tests for nonretroactive application have been met.

Our final reason for applying *DelCostello* retroactively is the weight of precedent. In addition to the circuits already cited, the Second and Seventh Circuits have applied *DelCostello* retroactively, although neither made a detailed *Chevron* analysis. *See Assad v. Mt. Sinai Hospital,* 725 F.2d 837 (2d Cir.1984); *Ernst v. Indiana Bell Telephone Company, Inc.,* 717 F.2d 1036, 1038 (7th Cir.1983).

Two circuits have decided not to apply *DelCostello* retroactively. The Sixth Circuit had adopted the six-month period of § 10(b) prior to *DelCostello* because it found no guidance from the state of Michigan with respect to the time period for bringing an action to vacate a labor arbitration award. *Badon v. General Motors Corporation,* 679 F.2d 93, 99 (6th Cir. 1982). In *Pitts v. Frito-Lay, Inc.,* 700 F.2d 330, 333 (6th Cir.1983), it applied the *Chevron* factors and decided not to apply *Badon* retroactively. It is to be noted, however, that *Pitts* had proceeded through trial with a jury verdict in favor of plaintiff. *Badon* was decided while *Pitts* was on appeal. In *Edwards v. Teamsters Local Union No. 36, Building Material and Dump Truck Drivers,* 719 F.2d 1036 (9th Cir.1983), the Ninth Circuit refused to apply *DelCostello* retroactively. As in the Sixth Circuit *Pitts* case, *Edwards* had gone to judgment below. Moreover, *DelCostello* was decided after the appeal was argued. The Ninth Circuit stated: "Retroactive application of a *shorter* statute of limitations than that pertaining when the case was filed is inherently unfair." *Id.* at 1040. Here, by contrast, the six-month period had been established before the case was filed. In a subsequent case, the Ninth Circuit decided that neither *United Parcel Service, Inc. v. Mitchell* nor *DelCostello* should be applied retroactively. *Barina v. Gulf Trading and Transportation Company,* 726 F.2d 560 (9th Cir.1984).

We are impressed by the fact that out of the nine circuits that have considered the question seven have decided that *DelCostello* should be applied retroactively. For all the reasons stated, we align ourselves with the Second, Third, Fourth, Fifth, Seventh, Eighth, and Eleventh Circuits.

*Affirmed.*