Angel Ortega ESTADES,
Respondent-Plaintiff,

v.

HARRY M. STEVENS, INC.,
Petitioner-Defendant.

Angel Ortega ESTADES,
Respondent-Plaintiff,

v.

UNION GASTRONOMICA, LOCAL 610,
Petitioner-Defendant.

Civ. Nos. 83–1064 GG, 83–1140 GG.

United States District Court,
D. Puerto Rico.

Aug. 21, 1984.

Luis F. Padilla, Laffitte, Dominguez & Totti, Hato Rey, P.R., for Harry M. Stevens, Inc.

Pedro Varela and Rosa Biaggi, San Juan, P.R., for P.R. Labor Relations Bd.

Francisco Aponte Pérez, Santurce, P.R., for Unión Gastronómica, Local 610.

Fernando A. Velez, Legal Services of P.R., Carolina, P.R., for respondent-plaintiff.

## OPINION AND ORDER

GIERBOLINI, District Judge.

These are actions brought by respondent-plaintiff pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, et seq.,[1] alleging that his employer, Harry M. Stevens, Inc. (Stevens) had discharged him without cause and had, as such, violated the terms of the collective bargaining agreement in force at the time. He also alleges that his union, Unión Gastronómica, Local 610 (the Union) breached its duty of fair representation.

Respondent-plaintiff had been employed at El Comandante Racetrack as a dishwasher prior to his discharge on March 7,

---

1. 29 U.S.C. § 185 provides in part: "Suits for violation of contract between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organiza-tions, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." No statute of limitations is provided.

1981.[2] At the time of his discharge, he was a member of the Union and the relations between him, the Union and his employer were governed by a collective bargaining agreement. Four months and ten days after his discharge, respondent-plaintiff requested the Union to file a grievance against the employer. The matter was finally referred to arbitration and on January 18, 1982 the arbitrator ruled that respondent-plaintiff's claim was not arbitrable because the Union had failed to comply with the procedures set forth in Article VIII of the Collective Bargaining Agreement.

One month later, on February 18, 1982, respondent-plaintiff filed charges of unfair labor practices against the employer before the Puerto Rico Labor Relations Board (P.R.L.R.B.) and on March 12, 1982 he also filed a claim against the Union. The cases were removed to this court on May 6 and May 18, 1983. Thereafter, both cases were consolidated.

On August 5 and August 9, 1983, the Union and the employer, respectively, submitted separate motions to dismiss these cases, arguing *inter alia*, that the 6-month statute of limitations imposed on similar actions by *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), barred respondent-plaintiff's claim.[3]

In *Del Costello, supra*, the Supreme Court decided the issue of what statute of limitations applied in suits brought by an employee against his employer for breach of a collective bargaining agreement and against his union for breach of its duty of fair representation. Previously, the Court in *United Parcel Services, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) had decided that suits by an employee against his employer were governed by a state's statute of limitations for vacation of an arbitration award or by an analogous state statute, thus rejecting the contention that such actions came under the limitations period for breach of contract actions.[4] *See, Fernández v. Chardón*, 681 F.2d 42 (1st Cir.1982). However, *Mitchell* left open the question of which statute would cover employee suits against a union. Noting the importance of having a uniform statute

---

**2.** There is a discrepancy as to the date which respondent-plaintiff was discharged. However, since a 2-day discrepancy will not affect our analysis, we will assume that he was discharged on March 7, 1981 instead of on March 5, 1981.

**3.** Petitioners also urge that respondent-plaintiff does not have any other remedy but to seek vacation of the arbitration award and that as such, this court is limited solely to determining whether said award draws its essence from the collective bargaining agreement. However, in *Hines v. Anchor Motor Freight*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976) the Court held that a union's breach of its duty of fair representation relieves the employee of an express or implied requirement that disputes be settled through contractual procedures. In addition, it held that a breach which seriously undermines the integrity of the arbitral process removes the bar of the finality provision of the contract. *Id.* at 567–569, 96 S.Ct. at 1057–1059. Accordingly, we find this argument to be without merit.

**4.** *Mitchell, supra*, stated in part: "It is true that respondent's underlying claim against his employer is based on the collective-bargaining agreement, a contract. It is not enough, however, for an employee such as respondent to prove that he was discharged in violation of the collective-bargaining agreement. 'To prevail

against either the company or the Union, petitioners must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union ... The grievance processes cannot be expected to be error-free.' *Hines*, 424 U.S., at 570–571 [96 S.Ct., at 1059–1060. Thus respondent's characterization of his action against the employer as one for 'breach of contract' ignores the significance of the fact that it was brought in the District Court pursuant to § 301(a) of the LMRA and that the indispensable predicate for such an action is not a showing under traditional contract law that the discharge was a breach of the collective-bargaining agreement, but instead a demonstration that the Union breached its duty of fair representation. Since the conclusion of the Joint Panel was, under the collective-bargaining agreement, 'binding on all parties', respondent was required in some way to show that the Union's duty to represent him fairly at the arbitration had been breached before he was entitled to reach the merits of his contract claim. This, in our view, makes the suit more analogous to an action to vacate an arbitration award than to a straight contract action." [footnote omitted] *Id.* at 62, 101 S.Ct. at 1563–64.

of limitations, the Court resolved this matter in *Del Costello, supra,* by holding that the 6-month period of Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), would hence govern claims by an employee against either the employer or the union.[5]

The Court reasoned that the short state limitations periods for vacating arbitration awards failed to provide the aggrieved employee with a satisfactory opportunity to vindicate his rights under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 and the fair representation doctrine. In contrast, Section 10(b)'s 6-month period for filing unfair labor practice charges reflected a proper balance between the competing interests of according prompt resolution to labor disputes and of providing an employee with a reasonable period of time to file suit. *See, Derwin v. General Dynamics Corporation,* 719 F.2d 484 (1st Cir.1983).

Thus, it is clear that for actions which accrued after the *Del Costello* decision, the appropriate limitations period is six months. However, whether *Del Costello* applies retroactively and, in particular, to this case, is the issue now at hand. If it applies, then, Section 10(b)'s six-month statute of limitations rather than any state statute of limitations, applies to bar plaintiff's claims.

█ Recently, the United States Court of Appeals for the First Circuit decided the present issue by applying *Del Costello* retroactively in *Graves v. Smith's Transfer Corporation, et al,* 736 F.2d 819 (1st Cir. 1984). The court noted that generally, a court is required to apply the law in effect at the time it renders a decision, "unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. Richmond School Board,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476. *See also*

*Gulf Offshore Oil Co. v. Mobil Oil Corp.,* 453 U.S. 473, 486, n. 16, 101 S.Ct. 2870, 2879, n. 16, 69 L.Ed.2d 784 (1981). This principle follows in part from the fact that every federal decision applies retroactively to a set of facts that has already occurred. It also promotes the uniform treatment of litigants, "since the reasons that lead the court to make a retroactive decision should apply with equal force to other similarly situated litigants, no matter when their cases arise." *Simpson v. Dir., Office of Workers' Comp. Program,* 681 F.2d 81, 84 (1st Cir.), *cert. denied,* 459 U.S. 1127, 103 S.Ct. 762, 74 L.Ed.2d 977 (1982). Retroactive application of judicial decisions is the rule, not the exception. *Simpson, supra.*

In *Graves* the court found significant that the Supreme Court in *Del Costello* applied its decision retroactively to the parties therein. In the companion case to *Del Costello,* the complaint was filed in 1979 on a cause of action which had accrued ten months earlier. The Court held, notwithstanding, that Section 10(b)'s six-month statute of limitations applied and that Flowers' action was, therefore, barred.

In its analysis of *Graves, supra,* our circuit court applied the test for nonretroactivity set forth in *Chevron Oil v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). In *Chevron* the Supreme Court found that retroactive application is inappropriate only where (1) the new rule overrules clear past precedent or decides an issue of first impression whose resolution was not foreshadowed; (2) retroactive application will retard rather that further operation of the rule; and (3) retroactive application will produce substantial inequitable results. *Id.* at 106–107, 92 S.Ct. at 355–356.

█ Upon careful consideration of the case at bar and of the test of nonretroactivity enunciated in *Chevron, supra,* we hold that *Del Costello* does apply retroactively.

---

**5.** 29 U.S.C. § 160(b) provides in part: "Provided, that no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof

upon the person against whom such charge is made, unless the person aggrieved thereby was prevented from filing such charge by reason of service in the armed forces."

Even though, actions by an employee against his union were covered by a one-year limitations period, while actions against employers were governed by a fifteen-year period, *De Arroyo v. Sindicato de Trabajadores Packing, AFL–CIO,* 425 F.2d 281 (1st Cir.1970), *cert. denied,* 400 U.S. 877, 91 S.Ct. 117, 27 L.Ed.2d 114, we find as in *Graves,* that *Mitchell* adumbrated the imposition of a six months limitation period in suits such as the immediate one. Thus, as to the first factor, *"Del Costello* was not a clear break from prior law and notice of a shorter period being applicable was given in *Mitchell." Graves,* at 821, quoting from *Lincoln v. Machinists and Aerospace Workers,* 723 F.2d 627, 630 (8th Cir.1983).

As to the second factor, we must examine whether retroactive operation of the Supreme Court's ruling in *Del Costello* will further or retard its operation which is based on the need for uniformity, the goal of providing adequate opportunity for an employee to vindicate his rights and the favoring of relatively rapid final resolution of labor disputes. *Del Costello,* 462 U.S. at ——–——, 103 S.Ct. at 2286–94. The First Circuit Court of Appeals expressed its agreement with the Third, Fourth, Fifth, Eighth and Eleventh Circuits that retroactivity would further the purpose of the rule. *Graves,* at 821. In further support, the court noted that in the *Edwards* and *Rogers* cases the courts applied *Del Costello* retroactively, notwithstanding plaintiffs' arguments that a longer state statute of limitations applied. We also find that the second *Chevron* factor counsels in favor of retroactivity.

Finally, we must consider whether retroactive application under the present facts would be inequitable. The instant cases were not filed in this court until May 6 and May 18, 1983—approximately two years and 2 months after plaintiff was discharged and almost 1 year and 4 months after the arbitrator reached his decision. Certainly, the timing of these suits indicate the absence of a zealous effort on the part of plaintiff to safeguard his causes of action. Furthermore, there has been little pretrial discovery, although the motions to dismiss and oppositions thereto were filed almost three months after the filing of the complaints. Plaintiff therefore, has not been deprived of a judgment obtained before *Del Costello* was decided.

Equally important, we note that in the two circuits where *Del Costello* was not applied retroactively, both cases had gone to judgment. *Pitts v. Frito-Lay, Inc.,* 700 F.2d 330 (6th Cir.1982); *Edwards v. Teamsters Local Union No. 36,* 719 F.2d 1036 (9th Cir.1983). Thus, we conclude that no inequity or hardship would result from retroactive application.

 In order to determine when the Section 10(b) period begins to run, we must look to when plaintiff either was or should have been aware of the injury. *Benson v. General Motors Corp.,* 716 F.2d 862, 864 (11th Cir.1983). Even though the parties have not briefed or argued factual questions such as when "injury" actually occurred, be it from the date of plaintiff's discharge or from the date of the decision of the arbitrator, the six-month period of limitations had expired at the time these actions were filed.

 Respondent-plaintiff's argument that he timely filed charges before the P.R. L.R.B. is of no consequence and does not alter our decision. In an analogous situation, our Circuit Court of Appeals held that plaintiffs' action against the union was time barred, notwithstanding the fact that initial recourse to the N.L.R.B. was had within the one year limitation period. In so doing, the court characterized the NLRB's jurisdiction as concurrent. *See De Arroyo v. Sindicato de Trabajadores Packing,* 425 F.2d at 287 (1st Cir.1971).

 Based on the same reasoning, we find that the P.R.L.R.B. has concurrent jurisdiction to entertain unfair labor practice charges. This only signifies that respondent-plaintiff had a choice of forums in which to bring his complaints. Initial recourse to the P.R.L.R.B. does not have a tolling effect on the limitations period to

bring a cause of action before this court. Thus, these cases came before this tribunal in an untimely fashion.

WHEREFORE, the motions to dismiss filed by petitioner-defendants, the Union and Stevens are hereby granted. It is ordered that the complaints herein be and are hereby dismissed. The clerk shall enter judgment accordingly.

SO ORDERED.