**John G. KELLEY, and Albert E. Kelley, Plaintiffs-Appellants,**

**v.**

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Earl Higgins, Gilbert Dovey, Edwin Hansen, Philip Dowse, Frank Underhill, Timothy Anderson dba Anco Electrical Contractors Inc., and Does 1–20, Defendants-Appellees.**

Nos. 85–6167, 85–6168.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 1986.

Decided Oct. 27, 1986.

Albert E. Kelley, Costa Mesa, Cal., in pro per.

Elizabeth R. Lishner, Davis, Frommer & Jesinger, Gregory S. Drake, Hill, Farrar & Burrill, Los Angeles, Cal., Eugene B. Shapiro, Shapiro & Maguire, Beverly Hills, Cal., Richard Resnick, Sherman, Dunn, Cohen, Leifer & Counts, P.C., Washington, D.C., for defendants-appellees.

Before BOOCHEVER, NORRIS and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Plaintiffs-appellants John Kelley and Albert Kelley appeal from the decision of the district court granting summary judgment in favor of defendants-appellees the International Brotherhood of Electrical Workers (IBEW), five local unions affiliated with IBEW, an employers association, Timothy Anderson d/b/a Anco Electrical Contractors, Inc. (Anco), and several individuals. We affirm.

I

Plaintiffs were employed by Anco from July 31, 1981, until their discharge on September 9, 1981. Plaintiffs allege that the local unions and their business representatives discriminated against them because of their lack of membership in the local unions and because plaintiffs filed several unfair labor practice charges against defendants. Specifically, plaintiffs claim that concerted action by the IBEW, the local unions, and several employers denied them the opportunity to register on the highest priority job referral list at the local hiring halls, and that Anco discharged plaintiffs at the request of IBEW, Local 11 because plaintiffs were not members of Local 11.

Plaintiffs assert causes of action for (1) breach of the collective bargaining agreement and breach of an oral employment contract by Anco President Timothy Anderson, (2) breach of the duty of fair representation by the local unions in violation of section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and vicarious libaility for this breach by the IBEW, (3) conspiracy to violate federal labor laws, (4) fraudulent inducement of the employment contract by Anco, and (5) violation of section 302 of the Labor Management Relations Act, 29 U.S.C. § 186, by Anco. The district court held that the IBEW was not vicariously liable for the acts of the local unions, found that plaintiffs' claims for violation of the oral contract and the collective bargaining agreement were untimely, found that plaintiffs' claim for breach of the duty of fair representation was barred by collateral estoppel and was untimely, dismissed plaintiffs' conspiracy and section 302 allegations for failure to state a cause

of action, and declined to accept jurisdiction over plaintiffs' state law fraud claim.

## II

We have jurisdiction over plaintiffs' timely appeal pursuant to 28 U.S.C. § 1291. We review the grant of summary judgment *de novo*. *Taylor v. Sentry Life Insurance Co.*, 729 F.2d 652, 654 (9th Cir.1984). Summary judgment is appropriate when, viewing the evidence most favorably to the party opposing summary judgment, "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Lojek v. Thomas*, 716 F.2d 675, 677 (9th Cir.1983).

## III

Plaintiffs' claims for breach of the collective bargaining agreement by Anco, and for breach of the duty of fair representation by the local unions and the IBEW are untimely. The six-month statute of limitations for unfair labor practices contained in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), applies to these claims. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 169–72, 103 S.Ct. 2281, 2293–94, 76 L.Ed.2d 476 (1983). We have declined to apply *DelCostello* retroactively to shorten a statute of limitations when doing so would unfairly prejudice litigants "by barring suit by an employee when *precedent existing at the time of the filing permitted it.*" *Edwards v. Teamsters Union Local No. 36*, 719 F.2d 1036, 1040 (9th Cir.1983) (emphasis added), *cert. denied*, 465 U.S. 1102, 104 S.Ct. 1599, 80 L.Ed.2d 130 (1984). *See also Acri v. International Association of Machinists & Aerospace Workers District Lodge 115*, 781 F.2d 1393, 1396 (9th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 73, 93 L.Ed.2d 29 (1986); *McNaughton v. Dillingham Corp.*, 722 F.2d 1459, 1460–62 (9th Cir.1984) (McNaughton II) (denying petition for rehearing).

We agree with the district court that plaintiffs were not prejudiced in this case. Plaintiffs' cause of action for breach of the collective bargaining agreement accrued when they were discharged on September 9, 1981. *DelCostello* was decided June 8, 1983. Yet plaintiffs, knowing that *DelCostello* had imposed a six-month statute of limitations, waited until September 10, 1984, to file. Unlike claimants whose actions were filed before *DelCostello*, plaintiffs could not reasonably have relied on our previous decisions applying a three-year limitations period borrowed from state law, *see, e.g., Price v. Southern Pacific Transportation Co.*, 586 F.2d 750, 753 (9th Cir.1978), because *DelCostello* warned plaintiffs that these decisions were no longer good law. Neither could plaintiffs reasonably have relied on our decisions refusing to apply *DelCostello* retroactively to claims filed before *DelCostello* was issued, *see, e.g., Edwards*, 719 F.2d at 1040, to conclude that the three-year limitations period previously borrowed from state law still applied to their claims. Such an approach would deny the Court's decision in *DelCostello* any effect until after the state limitations period, which the Court concluded was inappropriate, had expired. We hold that a cause of action which arose prior to the decision in *DelCostello* is barred if not filed within six months after the date of that decision, June 8, 1983.[1]

## IV

Plaintiffs' other causes of action were also appropriately dismissed by the district court.

Plaintiffs' cause of action for breach of the oral employment contract is governed by the two-year limitations period for oral contracts under California law. Cal.Civ.Proc.Code § 339; *Tostevin v. Douglas*, 160 Cal.App.2d 321, 328–29, 325 P.2d 130, 134–35 (1958). This action

---

**1.** Because we conclude that plaintiffs' unfair labor practice claims are barred by the six-month limitations period, we need not address the questions of whether these claims are also barred by collateral estop-pel, *see Mead v. Retail Clerks International Association, Local Union No. 839*, 523 F.2d 1371, 1374 (9th Cir.1975), or whether the IBEW is vicariously liable for the activities of the local unions.

brought three years after the alleged breach is untimely.

 Plaintiffs' claim for conspiracy to violate the federal labor laws fails to state a cause of action. *See Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 240, 245, 82 S.Ct. 1318, 1320, 1322, 8 L.Ed.2d 462 (1962); *Williams v. Pacific Maritime Association*, 421 F.2d 1287, 1289 (9th Cir. 1970). The federal labor laws do not contemplate that conspiracy theories from state law or federal criminal law will be used to augment the remedies already available under federal labor law with damage actions against union members or officers. *See Williams*, 421 F.2d at 1289.

Plaintiffs' allegation that Anco violated section 302 of the Labor Management Relations Act, 29 U.S.C. § 186, by making certain deductions from plaintiffs' pay for a Local 11 "Vacation Savings" account also fails to state a claim. Section 302(a) prohibits an employer from making certain payments from its payroll on behalf of its employees. *See Local Union No. 626 United Brotherhood of Carpenters and Joiners v. Delaware Contractors Association*, 344 F.Supp. 1281, 1285 (D.Del.1972) *aff'd* 477 F.2d 564 (3d Cir.1973). However, section 302(c)(6) specifically exempts the contributions to a vacation trust fund made by Anco from the restrictions of section 302(a). *See Laborers Union Local 1298 Vacation Fund v. Frank L. Lyon & Sons, Inc.*, 66 Misc.2d 1042, 323 N.Y.S.2d 229, 237–38 (N.Y.Sup.Ct.1971).

Having dismissed all of plaintiffs' other claims, the district court did not abuse its discretion in declining to exert pendent jurisdiction over plaintiffs' state law fraud claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725–26, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966); *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1362 (9th Cir.1985) (en banc).

## V

We have authority to assess double costs or attorney's fees as sanctions for filing frivolous appeals. Fed.R.App.P. 38; 28 U.S.C. § 1912; *NLRB v. Catalina Yachts*, 679 F.2d 180, 182 (9th Cir.1982). Plaintiffs in this case did not rely on *Price* and file their action within three years of accrual. Instead, they argue on this appeal that California's four-year statute of limitations period for actions arising out of written contracts should apply. This court considered such an argument and rejected it in *Price*. Accordingly, we find plaintiffs' contentions on appeal to be "wholly without merit," *Libby, McNeill, and Libby v. City National Bank*, 592 F.2d 504, 514 (9th Cir.1978), and impose double costs as a sanction.

AFFIRMED.