Norma **ARRIAGA, et al., Plaintiffs,**

v.

**INTERNATIONAL LADIES' GARMENT WORKER'S UNION–PUERTO RICO COUNCIL (LOCAL 600–601) and Splendorform International, Inc., Defendants.**

Civ. No. 86–1227 (JP).

United States District Court,
D. Puerto Rico.

Feb. 27, 1987.

Eduardo A. Escribano Roman, P.R. Legal Serv., Caguas, P.R., for plaintiffs.

Nicolas Delgado Figueroa, Santurce, P.R., for Int'l Ladies.

McConnell Valdes Kelley Sifre, San Juan, P.R., for Splendorform.

## OPINION AND ORDER

PIERAS, District Judge.

This is an action instituted by thirty-eight plaintiffs against their employer under Section 301(a) of the Labor Management and Relations Act (Act), 29 U.S.C. § 185, and against their union for breach of its duty of fair representation. The employer, Splendorform International, Inc. (Splendorform) has moved for summary judgment on the ground that the plaintiff's action against both defendants is barred by the statute of limitations. For the foregoing reasons, we GRANT the Motion for Summary Judgment and DISMISS the complaint.

## I. *The Standard for Summary Judgment*

Summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c); *Celotex Corp. v. Catrett,* —— U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hahn v. Sargeant,* 523 F.2d 461, 464 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). In passing on a summary judgment motion, the Court must view the record and draw inferences in the light most favorable to the opposing party. *Hahn,* 523 F.2d at 464.

## II. *Factual Background*

On October 22, 1984, Splendorform dismissed between 85 and 90 employees from their positions, including all plaintiffs here. At the time of the dismissal, plaintiffs' exclusive representative was the International Ladies Garment Worker's Union, Local 600 (Union), and a collective bargaining agreement between the Union and Splendorform was in effect. By letter dated December 29, 1984, the Union demanded of Splendorform the recall of the affected workers, claiming seniority rights under the contract. On January 31, 1985, the Union wrote to Splendorform complaining that the employer had not resolved the dispute regarding the affected workers. On March 12, 1985, the Union wrote to Splendorform, alleging a breach of the collective bargaining agreement prohibiting work outside of the factory.

As a result of the reduction in the work force, the plaintiffs filed with the Puerto Rico Labor Relations Board (PRLRB) on March 21, 1985, an unfair labor practice charge against the Union, alleging it breached its duty of fair representation, and against Splendorform, alleging a breach of the collective bargaining agreement. On October 10, 1985, the PRLRB dismissed these charges, and on October 25, 1985, the plaintiffs filed a petition for

review. The petition was denied on November 18, 1985.

On July 1, 1985, the Union submitted a dispute before arbitrator Dr. David Helfeld, the local chairman designated in the agreement, alleging that unit work was being diverted to a non-union shop, in violation of the provision of the agreement prohibiting work outside the factory. The dispute was subsequently submitted to Mr. Marshall Rosenberg, the Impartial Chairman, on November 1, 1985. On January 31, 1986, the Union and Splendorform reached a settlement regarding the seniority dispute. The Memorandum of Agreement was incorporated in the award of Dr. Helfeld on February 10, 1986. The award ordered Splendorform to pay $27,680.00 to be distributed among 54 employees and $2,500.00 to the Health and Welfare Fund of the Union. On April 8, 1986, Dr. Helfeld issued an award denying the Union's complaint.

Additionally, the plaintiffs on October 25, 1985 filed a case against the Union before the National Labor Relations Board (NLRB), alleging a violation of Section 8(b)(1)(A) of the Act. The Regional Director dismissed the complaint on November 29, 1985.

III. *Applicable Law*

In *Del Costello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court held that in a hybrid action against an employer for violation of a collective bargaining agreement under Section 301 and against the union for breach of its duty of fair representation, the six-month statute of limitations of Section 10(b) of the Act, 29 U.S.C. § 160(b), is applicable. The First Circuit Court of Appeals held that a cause of action in this hybrid suit arises when "the plaintiff knows or reasonably should know, of the acts constituting the union's alleged wrongdoing." *Graham v. Bay State Gas Co.*, 779 F.2d 93 (1st Cir.1985).

■ We find that the plaintiff's cause of action accrued on or before March 21, 1985, the date the plaintiffs filed charges with the PRLRB against the Union for breach of duty of fair representation and against Splendorform for breach of the agreement. Whatever wrongdoing the Union may have committed, in plaintiffs' view, was committed on or before March 21, 1985. In their complaint the plaintiffs' allege that the Union knew that the discharged employees had more seniority than those still working at the plants. Further, the plaintiffs allege that the Union knew of specific circumstances surrounding the dismissal of certain employees, i.e., that certain employees were discharged while on maternity leave. For those reasons, the plaintiffs filed the March 21, 1985, charges with the PRLRB.

The plaintiffs further argue that the Union unfairly represented them by (1) not informing them about the grievance procedure the Union instituted before Dr. David M. Helfeld, on July 1, 1985, and (2) not interviewing any of the plaintiffs to prepare the Union's case. However, even if we considered July 1, 1985 to be the date of the accrual of the cause of action, the plaintiffs still have not complied with the statute of limitation.

■ We cannot say that plaintiffs recourse to the PRLRB and the NLRB tolls the statute of limitations. This District Court in *Estades v. Stevens, Inc.*, 593 F.Supp. 778, 782–83 (D.C.P.R.1984) (Gierbolini, J.) held that timely filed charges before the PRLRB does not have a tolling effect of the statute of limitations. In that case, the Court relied on *De Arroyo v. Sindicato de Trabajadores Packinghouse*, 425 F.2d 281, 287 (1st Cir.1970) which held that the NLRB's jurisdiction was concurrent with the District Court. *See also Kolomick v. United Steelworkers*, 762 F.2d 354 (4th Cir.1985) (filing of unfair labor practice charge against union with the NLRB will not toll 10(b) six-month statute of limitation.) By analogy, the Court found the PRLRB to have concurrent jurisdiction. *Estades*, 593 F.Supp. at 782. Therefore, the filing of charges there would have no effect.

We find that the plaintiffs became aware of the Union's alleged wrongdoing no later than March 21, 1985, over a year before

filing the suit in court. Accordingly, given the six-month statute of limitation, the action is time-barred. The complaint is hereby DISMISSED.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.