Steven Anthony SKLIOS, Plaintiff,

v.

BROTHERHOOD OF TEAMSTERS AND AUTO TRUCK DRIVERS LOCAL NO. 70 OF ALAMEDA COUNTY; Sea–Land of California Inc. (Sea–Land Service Inc.–Pacific Division); Beeson, Tayer & Kovach, a corporation; Duane B. Beeson, an individual; Doe One through Doe Fifty, inclusive, Defendants.

No. C–80–3896 ACW.

United States District Court, N. D. California.

Nov. 18, 1980.

David M. Lilly, Jr., Law Offices of William C. Gordon, San Francisco, Cal., for plaintiff.

David A. Rosenfeld, Van Bourg, Allen, Weinberg & Roger, San Francisco, Cal., for Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County.

Robert J. Attaway, Pepper, Hamilton & Scheez, Los Angeles, Cal., for Sealand.

John W. Bergholt, Severson, Werson, Berke & Melchior, San Francisco, Cal., for Beeson, Tayer & Kovach and Duane B. Beeson.

## ORDER

WOLLENBERG, District Judge.

Plaintiff claims that he was wrongfully discharged from his employment as the result of unlawful conduct by the defendants Sea–Land of California, Inc. ("Sea–Land"); Brotherhood of Teamsters and Auto Truck Drivers, Local No. 70 of Alameda County ("Local 70"); Duane B. Beeson; and Beeson, Tayer & Kovach. Defendants have made various motions to dismiss the complaint or strike certain portions thereof.

IT IS HEREBY ORDERED that the complaint be DISMISSED. Plaintiff shall have twenty (20) days from the date hereof to amend.

### I. Federal Claim

Plaintiff's allegations that his employer Sea–Land discharged him in violation of the applicable collective bargaining agreement and that the Union breached its duty of fair representation by failing to prevent this discharge appear to state a claim cognizable under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). *See Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). As plaintiff concedes, however, such a claim requires an allegation that internal union remedies have been exhausted. The complaint must therefore be dismissed with leave to amend.

### II. State Law Claims

As now framed, the complaint alleges six causes of action which are apparently based on state law. As a general rule, however, state tort and contract law

has been preempted by the Labor Management Relations Act insofar as it might otherwise regulate conduct which is "arguably protected or prohibited" by federal law. *Farmer v. United Brotherhood of Carpenters*, 430 U.S. 290, 296–97, 97 S.Ct. 1056, 1061, 51 L.Ed.2d 338 (1977); *Amalgamated Association of Street, Electric Railway & Motor Coach Employees v. Lockridge*, 403 U.S. 274, 291, 91 S.Ct. 1909, 1920, 29 L.Ed.2d 473 (1970); *Plumbers' Union v. Borden*, 373 U.S. 690, 693, 83 S.Ct. 1423, 1425, 10 L.Ed.2d 638 (1963). Here the conduct alleged as a basis for the state law claims–wrongful discharge as the result of collusion between the employer and the union–clearly falls within the purview of federal labor regulation. The propriety of such conduct must be determined by federal law alone. Neither this Court nor any state court can grant relief under these circumstances on any claim based on state law.

### III. Punitive Damages

 Punitive damages are not recoverable in a suit brought under section 301 of the Labor Management Relations Act. *Williams v. Pacific Maritime Association*, 421 F.2d 1287, 1289 (9th Cir. 1970); *Hall v. Pacific Maritime Association*, 281 F.Supp. 54, 62 (N.D.Cal.1968). Any provision for punitive damages under state law has been preempted by the federal statutory scheme.

### IV. Individual Defendants

Individuals are not proper defendants to suits brought under section 301. *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 249, 82 S.Ct. 1318, 1325, 8 L.Ed.2d 462 (1962); *Williams*, 421 F.2d at 1289; *Hall*, 281 F.Supp. at 61. Plaintiff requests that this Court exercise "pendent party" jurisdiction over suits against Duane Beeson and Beeson, Tayer & Kovach which are based on state law. As we have already pointed out, however, such state law has been preempted insofar as it applies to conduct arguably regulated by federal labor law. Since the state law claims against these individual defendants have been preempted, we find it unnecessary to reach the question of "pendent party" jurisdiction.

### V. Doe Defendants

The amended complaint should contain no reference to "Doe defendants" since such "Doe" pleading is not allowed in federal practice. *Hall*, 281 F.Supp. at 61.