Dewey Leonard **PEDRO**, Plaintiff,

v.

**TEAMSTERS LOCAL 490**, an Unincorporated Labor Organization; **Lucky Stores, Incorporated**, a corporation; the **International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America**, and Unincorporated Labor Organization; **Beeson, Tayer, Kovach & Silbert**, a partnership; and **Edward M. Kovach**, Defendants.

No. C–80–0119–MHP.

United States District Court,
N. D. California.

Jan. 30, 1981.

**84**

Myron F. Tower, San Leandro, Cal., for plaintiff.

Severson, Werson, Berke & Metchior, McLaughlin & Irvin, San Francisco, Cal., Tom Williams, Secretary-Treasurer, Teamsters Local 490, Vallejo, Cal., for defendants.

## OPINION

PATEL, District Judge.

Plaintiff was fired from his position as a warehouse worker with defendant Lucky Stores on the basis of alleged acts of misconduct. He filed a grievance under the collective bargaining agreement between defendant Lucky Stores and defendant Teamsters Local 490, a local unit of defendant International Brotherhood of Teamsters. The grievance was taken to arbitration, and plaintiff was represented in the arbitration proceedings by defendant Edward Kovach, a partner in the defendant law firm Beeson, Tayer, Kovach & Silbert. Plaintiff lost in the arbitration proceedings. He then filed this action.

The Complaint alleges two claims for relief. The first claim is brought under section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, and alleges: first, that plaintiff's discharge by defendant Lucky Stores was unlawful; second, that defendants Teamsters Local 490 and International Brotherhood of Teamsters breached their duty of fair representation in connection with their handling of plaintiff's grievance; and third, that defendants Kovach, and Beeson, Tayer, Kovach & Silbert breached their duty of fair representation as well. Plaintiff's second claim is not based on federal law, but pleads a common law legal malpractice claim against defendants Kovach, and Beeson, Tayer, Kovach & Silbert (hereinafter referred to collectively as "lawyer defendants"), together with a conspiracy claim against these defendants and defendant Teamsters Local 490.

The lawyer defendants have moved to dismiss the action as against themselves. The motion raises two legal issues: first, whether the lawyer defendants can be sued under section 301, and second, if they cannot, whether this court has pendent jurisdiction over plaintiff's second claim for relief as against the lawyer defendants.

I

## LIABILITY OF LAWYER DEFENDANTS UNDER SECTION 301

█ Section 301 of the Labor-Management Relations Act states in pertinent part that:

Any labor organization which represents employees in an industry affecting commerce . . . shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity . . . in the courts of the United States. *Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization* and against its assets, and shall not be enforceable against any individual member or his assets.

29 U.S.C. § 185(b) (emphasis added). Though the parties have not cited, and the court's own research has not revealed, any case specifically holding that law firms and lawyers employed by a union may not be sued under section 301, the law is settled that labor organizations (as entities) and employers are the only proper defendants in actions under the statute. *E.g., Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 249, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962) (union agents); *Williams v. Pacific Maritime Ass'n*, 421 F.2d 1287, 1289 (9th Cir. 1970) (union officers and executives); *Henry v. Radio Station KSAN*, 374 F.Supp. 260, 267 (N.D.Cal.1974) (union business agent); *Hall v. Pacific Maritime Ass'n*, 281 F.Supp. 54, 61 (N.D.Cal.1968) (union members). Insofar as the lawyer defendants may have been acting as agents of the union defendants while processing plaintiff's grievance—an issue which is not before the court at this time—then the union might be liable for their actions under section 301. But the lawyer defendants themselves are not proper parties defendant on plaintiff's federal claim.

## II

### PENDENT JURISDICTION

■ When a plaintiff sues on a federal claim in federal court, he or she may also sue in the same action on any claims arising under state law that derive from the same nucleus of operative facts. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). For the purpose of the instant motion, the court will assume that plaintiff's second claim states a claim for relief. *But cf. Sklios v. Teamsters Local 70*, 503 F.Supp. 123 (N.D.Cal.1980) (holding that state law claims against employer, union and law firm arising out of wrongful discharge were preempted by federal labor law). Because this court has now

ruled that the lawyer defendants are not proper parties to the federal claim in this action, the second claim changes from a mere pendent claim to a claim adding pendent *parties*, as to whom there is no independent basis for federal subject matter jurisdiction (such as diversity of citizenship).

■ Plaintiff argues that this court has pendent party jurisdiction over the lawyer defendants. However, the leading Ninth Circuit cases all hold that federal courts do not have jurisdiction over pendent parties. *See Libby, McNeil & Libby v. City Nat'l Bank*, 592 F.2d 504, 510 & n.7 (9th Cir. 1978); *Ayala v. United States*, 550 F.2d 1196 (9th Cir. 1977); *Hymer v. Chai*, 407 F.2d 136, 137–38 (9th Cir. 1969). *But cf. Mattschei v. United States*, 600 F.2d 205, 207 n.2 (9th Cir. 1979) (district court's dismissal of plaintiffs' pendent claim against non-federal joint tortfeasor in action under Federal Tort Claims Act was "open to some question"). This "strong circuit policy against pendent party jurisdiction," *Libby*, 592 F.2d at 510 n.7, has been reiterated since the United States Supreme Court decided *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), and despite contrary decisions in other circuits. *See Ayala*, 550 F.2d at 1199–1200 & n.8.[1] However, the Ninth Circuit has never held that pendent party jurisdiction does not exist under the particular "anchor" statute involved in this case, *i. e.*, section 301. Under *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), and *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), therefore, it is necessary to determine on the facts of this case (1) whether under Article III of the Constitution the federal courts have the judicial power to decide the controversy between the plain-

1. Because the Ninth Circuit has adhered to its strict position despite the conflict in the circuits, plaintiff's citations to *Schulman v. Huck Finn, Inc.*, 472 F.2d 864 (8th Cir. 1973), and *Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800 (2d Cir. 1971), are of little or no precedential value. The third case plaintiff re-

lies on, *Princess Cruises Corp. v. Bayly, Martin & Fay, Inc.*, 373 F.Supp. 762 (N.D.Cal.1974), failed to anticipate that the Ninth Circuit would adhere to its position despite the contrary cases discussed in that opinion, *see id.* at 765. Thus, *Princess Cruises* is of doubtful validity in light of subsequent case law.

tiff and the lawyer defendants[2]; (2) whether Congress intended the "anchor" statute, section 301, to confer federal jurisdiction over pendent parties[3]; and (3) whether, in the procedural setting of the instant case, complete relief can be afforded by the state courts. The only decision revealed by this court's research that has applied the *Aldinger* analysis to section 301 concluded that pendent party jurisdiction under that statute is inappropriate. *King v. Great Atl. & Pac. Tea Co.,* No. 77 C 1856 (N.D.Ill., memorandum filed May 15, 1978) (unpublished) (dismissing claim against former owner of some of employer's branch stores for conspiring with defendant employer and inducing defendant employer to breach collective bargaining agreement). *See also Boudreaux v. Puckett,* 611 F.2d 1028, 1031 (5th Cir. 1980); *Maritas v. Carpet Linoleum Serv., Inc.,* 490 F.Supp. 369, 372–73 (S.D.N.Y.1980). Especially in light of the Ninth Circuit's strict policy on pendent parties, this court has reached the same conclusion.

Section 301 itself speaks in terms of "[s]uits for violation of contracts between an employer and a labor organization," 29 U.S.C. § 185(a), and, as already noted, consistently has been interpreted to grant jurisdiction only over employers and labor organizations as defendants. Thus, application of the second prong of the *Aldinger* analysis leads to the conclusion that Congress did not intend section 301 to confer federal jurisdiction over claims against third parties that are incidental, though perhaps related, to the underlying dispute between or among the parties to the collective bargaining agreement.

Moreover, the state courts have concurrent jurisdiction over disputes under section 301. *See Charles Dowd Box Co. v. Courtney,* 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962); *Waggoner v. R. McGray, Inc.,* 607 F.2d 1229, 1234 n.8 (9th Cir. 1979) (dictum); *Communications Workers v. Pacific Tel. & Tel. Co.,* 462 F.Supp. 736, 738 (C.D. Cal.1978); *Shaw v. Metro-Goldwyn-Mayer, Inc.,* 37 Cal.App.3d 587, 595, 113 Cal.Rptr. 617 (1974). Plaintiff also is not without a remedy in state court on his claims against the lawyer defendants. Language in both *Aldinger,* 427 U.S. at 18, 96 S.Ct. at 2422, and *Owen Equipment,* 437 U.S. at 376, 98 S.Ct. at 2403, indicates that the availability of a state forum in which all the plaintiff's claims may be tried together is one factor to be considered in determining whether the exercise of pendent party jurisdiction is appropriate.[4]

Given this court's conclusion that section 301 does not confer federal jurisdiction over pendent parties, the question whether such jurisdiction would be constitutionally permissible under Article III need not be reached.[5]

The motion to dismiss the action as to defendants Kovach and Beeson, Tayer, Kovach & Silbert is GRANTED. Judgment will be entered under Fed.R.Civ.P. 54(b).

---

2. In *Owen Equipment,* the Supreme Court assumed, without deciding, that Article III confers on the federal courts the power to decide all controversies involving pendent parties that arise out of the same nucleus of operative facts as the "anchor" claim. *See* 437 U.S. at 371–72 & n.10, 98 S.Ct. at 2401 & n.10.

3. Because of this element of the *Aldinger/Owen* analysis, cases decided under other jurisdictional statutes, such as diversity or admiralty cases, are inapposite.

4. This factor distinguishes pendent party cases decided under other statutes in the field of labor law where federal jurisdiction over the "anchor" claim is exclusive. *See, e. g., Southeastern Lumber Mfrs. Ass'n v. Walthour Agency, Inc.,* 486 F.Supp. 781 (N.D.Ga.1980) (ERISA action).

5. *See* note 2, *supra.*