Virginia ARAGON, Plaintiff/Appellant,

v.

**FEDERATED DEPARTMENT STORES, INC., dba Ralphs Grocery Company; Local Union No. 572, Pappy, Vogel, Kaplon and Phillips, a professional law corporation; and Ralph M. Phillips, Defendants/Appellees.**

No. 83–6435.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 1984.

Decided Jan. 11, 1985.

Rudolfo Ginez, Jr., Santa Ana, Cal., for plaintiff/appellant.

Paul Raymond Causey, McLaughlin & Irvin, Robert D. Vogel, Pappy, Kaplon, Vogel & Phillips, Vanessa D. Walton, Roswell Bottum, Los Angeles, Cal., for defendants/appellees.

Before SNEED, ANDERSON and FERGUSON, Circuit Judges.

FERGUSON, Circuit Judge:

Ralphs Grocery Co. ("Ralphs") fired plaintiff Virginia Aragon ("Aragon") on December 1, 1981. Aragon, who was represented in her employment and in the grievance procedures stemming from her dismissal by a Local of the Teamsters ("Local"), achieved reinstatement in a less favorable position, without backpay, and on condition that she relinquish any further claims, on March 12, 1982. Discontented with this result, Aragon sued Ralphs for breach of its collective bargaining agreement in discharging her, and sued her union, the Local, for breach of its duty of fair representation in its pursuit of her grievance against Ralphs. In addition to this hybrid law suit against the union and the employer arising under the National Labor Relations Act, Aragon sued the Local's counsel for its alleged unsatisfactory work on her behalf.

It is the district court's judgment against Aragon and in favor of these few defendants, on these few claims, that Aragon now challenges on appeal. Aragon argues that the six-month statute of limitations prescribed by section 10(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. section 160(b), which applies to hybrid suits against a union for breach of its duty of fair representation and against an employer for breach of its collective bargaining agreement, should not be applied retroactively to bar her suit against the Local. Construed liberally, Aragon's assertion on appeal that this statute of limitations should be tolled as to Ralphs may be construed as a claim that the six-month statute of limitations referred to above should not be applied retroactively to bar her suit against her former employer, Ralphs. The resolution of these two claims depends in part on whether *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), which held that the six-month statute of limitations contained in the NLRA applies to hybrid suits of this sort, should be applied retroactively; and in part on whether prospective application of *DelCostello* would leave Aragon with a shorter or longer applicable state statute of limitations in *DelCostello*'s stead.

Aragon also claims that she is entitled to damages for emotional distress based on the union's breach of its duty of fair representation. Additionally, she argues that her malpractice claim against the Local's counsel should not have been dismissed. In connection with this malpractice claim, Aragon asserts: (1) it should have been remanded; (2) it was not preempted by federal labor law; (3) she alleged facts sufficient to withstand a motion to dismiss; and (4) if the district court chose not to remand, it should have exercised pendent

jurisdiction over this claim. Finally, Aragon seeks attorneys fees and costs of suit on this appeal.

## FACTUAL AND PROCEDURAL HISTORY

Aragon worked for Ralphs for over fourteen years. Her employment commenced on May 1, 1967, and Ralphs discharged her on December 1, 1981. At the time of her discharge, Aragon was a cheese packer earning $11.95 an hour.

A written collective bargaining agreement between Ralphs and the Local was in force at the time of Aragon's termination. It controlled the terms and conditions of her employment as well as the grievance and arbitration procedure to be followed at her discharge.

The Local filed a grievance on Aragon's behalf. The grievance was heard, and decided, on March 12, 1982. It resulted in Aragon's reinstatement without backpay on March 15, 1982. This time, she started a different job, on night shift rather than day shift, and she relinquished all her claims against Ralphs. She eventually left this job on April 2, 1982.

The Local and Aragon seem to agree that Aragon's cause of action accrued on March 12, 1982, when her termination grievance was settled at the hearing. Aragon filed her complaint in state court on March 24, 1983. The original complaint, however, was never served on any defendants. Aragon filed and served her first amended complaint on or about August 2, 1983.

All defendants named in the first amended complaint joined together and timely removed that action from the Superior Court to the United States District Court on August 31, 1983. The district court ruled against Aragon and in favor of all defendants on motions for summary judgment, for partial summary judgment, or to dismiss.

The district court granted summary judgment in favor of defendants Federated Department Stores, Inc. dba Ralphs Grocery Co. (Ralphs), Food Employers Council, Inc., Donald S. Prayzich, and Bob Rivera on each of Aragon's claims. As to these defendants, the court held: (1) the six-month statute of limitations prescribed by section 10(b) of the NLRA, which applies to individual claims of breach of a collective bargaining agreement (*DelCostello*), barred Aragon's claim for breach of the collective bargaining agreement because it applied retroactively; and (2) federal labor law preempted each of Aragon's remaining state tort claims (breach of the implied covenant of good faith and fair dealing, misrepresentation preventing employment, malpractice, fraud, and intentional infliction of emotional distress).

The district court also granted partial summary judgment in favor of the defendant Local. As to this defendant, the court held that the NLRA's six-month statute of limitations, because it applied retroactively, also barred Aragon's breach of the duty of fair representation claim. Finally, the district court granted the motion to dismiss of the Local's counsel, who represented Aragon in her grievance and arbitration proceedings, for failure to state a claim upon which relief could be granted.

In her appeal, Aragon abandons several of her claims against other defendants. She also abandons several of her state law claims against the defendants who remain in the case. Thus, the only state law claim remaining on appeal is the malpractice claim against Counsel. The federal law claims remaining on appeal revolve around the appropriate statute of limitations to apply to the claims against Ralphs and the Local.

## STANDARD OF REVIEW

A grant of summary judgment is reviewed *de novo*. *Lane v. Goren*, 743 F.2d 1337, 1339 (9th Cir.1984) (citation omitted). "Summary judgment is improper if tolling of the statute of limitations requires the resolution of disputed factual issues." *Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1033 (9th Cir. 1983). "The search for the appropriate statute of limitations is a decision of law." *Edwards v. Teamsters Local Union No. 36*, 719 F.2d 1036, 1039 (9th Cir.1983) *cert. denied*, —— U.S. ——, 104 S.Ct. 1599, 80

L.Ed.2d 130 (1984) (citation omitted). In this case, there are no relevant contested issues of fact as to either the tolling issue or the statute of limitations issue. Thus, we review these questions of law *de novo.*

"A ruling on a motion to dismiss for failure to state a claim upon which relief can be granted is a ruling on a question of law, freely reviewable by the court of appeals." *Rae v. Union Bank,* 725 F.2d 478, 479 (9th Cir.1984). A motion to dismiss should not be granted unless it appears to a certainty that the plaintiff can prove no set of facts in support of his or her claim that would show entitlement to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Rae v. Union Bank,* 725 F.2d at 479. Thus, the district court's dismissal of Aragon's malpractice claim against Counsel is freely reviewable by this court.

## DISCUSSION

1. *Which statute of limitations governs Aragon's claim against the Local for breach of its duty of fair representation and against Ralphs for breach of its collective bargaining agreement, when the claim accrued on March 12, 1982?*

Aragon claims that Ralphs breached its collective bargaining agreement with the Local by firing her. The parties do not dispute the facts relevant to determining whether Aragon's complaint was timely filed. Ralphs discharged Aragon on December 1, 1981. The Local filed a grievance on Aragon's behalf. The grievance was heard, and decided, on March 12, 1982. It resulted in Aragon's reinstatement without backpay on March 15, 1982. This time, she started a different job, on night shift rather than day shift, and she relinquished all her claims against Ralphs.

The Local asserts—and Aragon explicitly assumes as true—that Aragon's cause of action accrued on March 12, 1982, when her termination grievance was settled at the hearing. *Cf., Barina v. Gulf Trading and Transportation Co.,* 726 F.2d 560, 561 and 562 n. 2 (9th Cir.1984); *Price v. Southern Pacific Transportation Co.,* 586 F.2d 750, 754 (9th Cir.1978).

After reinstatement, Aragon resigned on April 2, 1982. Aragon claims that she was forced to resign on this later date, and thus, that her resignation amounted to a constructive discharge. Aragon filed her complaint in this law suit on March 24, 1983. This was over fifteen months after her discharge, a little more than one year after her cause of action accrued, and almost one year after her subsequent resignation. The original complaint, however, was never served on any defendant. Aragon filed and served her first amended complaint on or about August 2, 1983. The parties seem to treat the March 24, 1983 date as the commencement of suit. As the discussion below reveals, however, both dates fall outside the statute of limitations.

In *DelCostello,* the Supreme Court held that suits for breach of a union's duty of fair representation and suits for an employer's breach of a provision of a collective bargaining agreement shall both be subject to the six-month statute of limitations period of section 10(b) of the NLRA, 29 U.S.C. section 160(b). Aragon argues that *DelCostello* should not be applied retroactively to bar her suit, whose filing date admittedly falls outside the six month period. The Local argues that *DelCostello* should be applied retroactively to bar Aragon's suit or, if the six-month statute of limitations does not apply retroactively, then the applicable state statute of limitations is even shorter and would still bar Aragon's suit.

Until a few weeks ago, this circuit had forcefully, repeatedly, and uniformly denied *DelCostello* retroactive application. The following quote of an entire per curiam opinion exemplifies this uniformity:

Plaintiff appeals from the district court's grant of summary judgment in this action, finding it barred by the six-month statute of limitations set forth in *DelCostello* ....

The action was removed to federal court in 1981. This court has previously held that *DelCostello* does not apply retroactively. *Barina v. Gulf Trading and Transportation Co.,* 726 F.2d 560 (9th Cir.1984); *McNaughton v. Dillingham*

*Corp.,* 722 F.2d 1459 (9th Cir.1984); *Edwards v. Teamsters Local 36,* 719 F.2d 1036 (9th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1599 [80 L.Ed.2d 130] ... (1984).

We reverse and remand for a determination on the merits.

*Rodriquez v. Union Carbide Corp.,* 735 F.2d 365, 365–66 (9th Cir.1984) (only citations are omitted).

Application of this blanket rule would deny *DelCostello* retroactive application. The six-month federal statute of limitations would thus be inapplicable; the relevant state statute of limitations would govern.

A very recent case, however, has fashioned a limited exception to this rule. *Glover v. United Grocers, Inc.,* 746 F.2d 1380 (9th Cir.1984), applied *DelCostello* retroactively. The court explained: "Where we have refused retroactive application in the past its effect would have been to shorten the applicable state statute.... The retroactive effect of *DelCostello* is to lengthen, not shorten, the time in which Glover could have filed." If the state statute applicable to Aragon's case were shorter than the six-month federal statute of limitations, then this exception would make the six-month statute of limitations applicable. Aragon's claim would then be time barred.

Thus, the relevant inquiry is which state statute of limitations governed Aragon's claim against the Local and against Ralphs on March 12, 1982, the day that her cause of action accrued. If the state time limit was less than six months, then the six-month federal statute of limitations would govern; Aragon's claim would fail. If the state time limit was greater than six months, then it would govern; the viability of Aragon's claim would depend on how much time that state statute of limitations gave her.

The answer with respect to suits against employers seemed clear for several years. The statute of limitations applicable to a defendant employer in a hybrid cause of action, like Aragon's, which accrued on March 12, 1982, was California's 100-day limit on filing suit to vacate an arbitration award, Cal.Civ.Proc.Code section 1288.

*McNaughton v. Dillingham Corp.,* 707 F.2d 1042, 1047 (9th Cir.1983), *cert. denied,* —— U.S. ——, 105 S.Ct. 291, 83 L.Ed.2d 227 (1984) (*"McNaughton I"*); *Singer v. Flying Tiger Line, Inc.,* 652 F.2d 1349, 1353 (9th Cir.1981). Aragon's claim against Ralphs is therefore time barred whether *DelCostello* applies retroactively or not.

The law of this circuit has been in a state of disarray, however, as to which state statute of limitations governs claims against a defendant union in a hybrid cause of action against an employer and a union accruing on March 12, 1982. A brief history will illustrate the confusion.

On November 24, 1978, *Price v. Southern Pacific Transportation Co.,* 586 F.2d 750 (9th Cir.1978), held that the statute of limitations in a hybrid suit under the Railway Labor Act was three years in California. This time limit was supplied by California's statute of limitations on actions on liability created by statute, Cal.Civ.Proc. Code section 338. *Price,* 586 F.2d at 753.

On April 20, 1981, the Supreme Court decided *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). The Court held that the extremely short time limit applicable to actions to vacate arbitration awards—90 days under the New York statute at issue, 100 days in California—applied to hybrid suits of this type. *Id.* at 64, 101 S.Ct. at 1564. That decision applied explicitly only to defendant employers; only the defendant employer appealed and raised the issue. The decision was, however, written in broad terms, and seemed to imply in dicta that this extremely short time period should govern suits against defendant unions as well. Indeed, *Mitchell's* broad terms generated some of the confusion in later cases decided in our circuit.

On August 13, 1981, this circuit decided *Singer v. Flying Tiger Line, Inc.,* 652 F.2d 1349 (9th Cir.1981). The *Singer* court held that, under the Railway Labor Act: "as *Mitchell* requires, ... we shall treat suits against a union for a breach of the duty of fair representation and against an employer for a breach of a collective bargaining

agreement under this [100-day, vacation of arbitral awards] ... limitations statute." *Singer*, 652 F.2d at 1353. (The distinction between suits arising under the Railway Labor Act, like *Price* and *Singer*, and suits arising under the NLRA, like *Mitchell* and *Aragon*, is irrelevant for our purposes. *See Barina v. Gulf Trading and Transportation Co.*, 726 F.2d 560, 563 n. 6 (9th Cir.1984). *Singer* thus held, based on reading *Mitchell's* dicta as binding precedent, that the statute of limitations applicable to defendant unions was 100 days.

Then came March 12, 1982, the day that *Aragon's* claim accrued. According to *Singer*, but not necessarily to *Mitchell*, *Aragon* had 100 days to file suit—and she missed her deadline.

On June 7, 1983, one day before the Supreme Court decided *DelCostello*, this circuit decided *McNaughton I*, 707 F.2d 1042. The court in this case recognized the error in *Singer*, and undertook to "correct this error." *McNaughton I* at 1047 n. 6. In place of the 100-day, state vacation of arbitration award limit, *McNaughton I* substituted Oregon's two year malpractice statute of limitations. (The *McNaughton I* decision made no mention of *Price's* previously controlling holding that actions of this sort against a union are governed by state statutes of limitations on actions created by statute, rather than by state statutes of limitations on malpractice actions.) The claimant's cause in *McNaughton I*, which accrued on January 16, 1981, was therefore timely filed nine months later on October 20, 1981. Of course, January 16, 1981, the date of accrual, is both pre-*Singer's* implication that the 100-day time limit applies and pre-*Aragon's* date of accrual. In contrast, the date of accrual of *Aragon's* action is post-*Singer*—and pre-*McNaughton I's* holding that a longer statute of limitations applied.

*DelCostello* was decided by the Supreme Court on June 8, 1983, one day after *McNaughton I*. Its decision that the federal, six-month statute of limitations is applicable in these cases does not affect this short history of the applicable California statute of limitations on March 12, 1982.

On November 3, 1983, *Edwards v. Teamsters Local Union No. 36*, 719 F.2d 1036 (9th Cir.1983) was decided. Although the *Edwards* court cited *McNaughton I*, it ignored *McNaughton I's* holding that Oregon's two-year malpractice statute of limitations applied to claims against unions. Instead, *Edwards* held: "we reaffirm[!] *Price's* [pre-*McNaughton* ] holding that the California statute of limitations applicable to a suit against a union for the breach of the duty of fair representation is the three year statute for actions 'upon a liability created by statute,' provided by Cal.Civ. Proc. Code § 338(1)." *Edwards*, 719 F.2d at 1040. Of course, in *Edwards*, the date of accrual of claimant's action was early 1981. This date of accrual, like the date of accrual in *McNaughton I*, is both pre-*Singer's* implication that the 100-day time limit applies and pre-*Aragon's* date of accrual. In contrast, the date of accrual of *Aragon's* action is post-*Singer;* pre-*McNaughton I's* holding that a longer malpractice statute of limitations applied; and pre-*Edwards'* holding that a longer, but different statute of limitations upon actions based on statutes applied.

The time period with which we are faced—actions accruing after *Singer* but before *McNaughton I*—has not yet been addressed by any of these cases. Nor does the next case in this history address the time period in which *Aragon's* claim falls. That next case is *McNaughton v. Dillingham Corp.*, 722 F.2d 1459 (9th Cir.1984) ("*McNaughton II* "), decided on January 4, 1984. *McNaughton II* both reaffirmed *McNaughton I* (which applied the two year malpractice statute of limitations to actions against unions) and cited the recently decided *Edwards* case (which applied the three year statute of limitations on actions based on statutes to actions against unions) with approval. Thus, *McNaughton II* adds no further insight to the statute of limitations applicable to the date of accrual in *Aragon's* case.

The next case in the history is *Barina v. Gulf Trading and Transportation Co.*, 726 F.2d 560 (9th Cir.1984), decided on February 23, 1984. The *Barina* court declined

to apply *DelCostello* or *Mitchell* retroactively; the longer state statute of limitations therefore governed, but the court did not specify which statute of limitations that was. The date of accrual of claimant's cause of action in *Barina* was July 12, 1980. *Id.* at 562 n. 2. This date of accrual, like the date of accrual in *McNaughton I* and in *Edwards*, is: pre-*Singer's* implication that the 100-day time limit applies; and pre-Aragon's date of accrual. In contrast, the date of accrual of Aragon's action is post-*Singer;* pre-*McNaughton I's* holding that a longer malpractice statute of limitations applied; pre-*Edwards'* holding that a longer, but different statute of limitations upon actions based on statutes applied; and pre-*Barina's* holding that a longer, but unspecified statute of limitations applied.

*Scoggins v. Boeing Co.*, 742 F.2d 1225 (9th Cir.1984), decided on September 18, 1984, follows the same pattern: a three year statute of limitations, under Washington state law, is applied to the action against the union; claimant's cause of action accrued, however, in August of 1980. *Id.* at 1228.

Several weeks ago, this circuit decided a case whose facts parallel the facts of our case. In *Glover*, the claimant's cause of action accrued on August 9, 1982. This falls within the same window within which Aragon's accrual falls: post-*Singer's* holding that the 100-day statute of limitations applied; pre-*McNaughton I's* holding that a longer malpractice statute of limitations applied; pre-*Edwards'* holding that a longer, but different statute of limitations upon actions based on statutes applied; and pre-*Barina's* holding that a longer, but unspecified statute of limitations applied. Thus, *Glover* would seem to control this case; it held that the applicable California statute of limitations was 100 days.

*Glover*, however, fails to address one thing: this circuit has called the *Singer* holding incorrect. It was not simply amended or improved upon. It was basically overruled. This is what became of *Singer's* 100-day holding:

In *Singer* ..., a panel of this circuit believed that the rule in *Mitchell* extended to suits against the union....

... The [*Singer*] court's belief that *Mitchell's* holding applied to actions against a union for unfair representation apparently was based on an erroneous assumption that the union as well as the employer had appealed from the ruling of the court of appeals.... We now correct this error.

*McNaughton I*, 707 F.2d at 1047 n. 6.

This court now faces a choice. We can follow *Glover* and hold that Aragon's suit against the Local and Ralphs is time barred under both the applicable 100-day state statute of limitations and the longer, six-month, federal time limit, applied retroactively. Or, we can address the issue that the *Glover* court declined to address: whether *Singer* should continue to bar claims against unions by its application of the extremely short, 100-day statute of limitations, despite the acknowledged error of that holding.

■ We choose the first approach. It comports with *Glover*, decided just a few weeks ago, and thus adds some needed consistency to this area of the law. It also comports with the federal labor relations policy that: "[e]mployees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." NLRA section 7, 29 U.S.C. section 157. Untangling our past web of decisions and revealing that two widely divergent statutes of limitations—100-days on actions against employers and three years on actions against unions—governed during this shadowy period between *Singer* and *McNaughton I* would serve no useful purpose. It would only penalize the union and reward the employer for problems that arise, initially, only because of the employer's alleged breach of a collective bargaining agreement. The law of this circuit can be construed as applying the same statute

of limitations to actions against both unions and employers at the time that Aragon's claim arose; we choose that construction. We therefore affirm the district court's grant of summary judgment in favor of defendants Ralphs and the Local on the § 301 claim. Thus, we need not address Aragon's argument that she is entitled to damages of emotional distress on her breach of duty of fair representation claim.

2. *This short statute of limitations should not be tolled in this case.*

On appeal, Aragon makes only one reference to tolling. She lists, as her last issue, "Whether the statute of limitations on plaintiff's cause of action against RALPHS for breach of the collective bargaining [sic] should be tolled." She never addresses the issue, never cites to any authority on this issue, and never raises any facts to justify tolling in her case. Her claim also fails on the merits.

*Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.,* 707 F.2d 1030 (9th Cir. 1983), controls the disposition of this issue. In *Hub,* the union—rather than an individual, like Aragon—sued the employer to enforce a collective bargaining agreement. That case, which was decided one day before *DelCostello* was decided, held that when a federal court borrows a state statute of limitations in claims arising under the Labor Management Relations Act, 29 U.S.C. section 185, the federal court may also borrow the state's tolling provisions. *DelCostello,* decided one day later, held that the federal courts shall not borrow the state statute of limitations in actions against the employer and the union; thus, the federal courts may also be precluded from borrowing the state's tolling provisions. If, however, it is appropriate to borrow California's tolling provisions, *Hub* sets the analytical framework for doing so in a labor law case.

> California equitably tolls the statute of limitations during the pendency of an earlier action if there is "timely notice, and lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff." ... The two

actions [upon which the claimant basis the claim for benefit of equitable tolling] need not be identical....

> Equitable tolling should not be applied in a manner that frustrates national labor-management policy. We believe that policy is fostered by having the NLRB attempt to resolve an issue before a party resorts to a section 301 action. Thus, if tolling is appropriate in this case, it would not be inconsistent with the constitution or with the applicable federal labor laws.

*Id.* at 1033 (citations omitted).

In *Hub,* the union filed an unfair labor practice charge with the NLRB years before it sued Hub for damages in federal court. The existence of these two actions meant that: (1) tolling the statute of limitations did not impede, but actively promoted, the federal policy of "having the NLRB attempt to resolve an issue before a party resorts to a section 301 action"; (2) the first action, though not identical to the second, provided the employer with the notice and lack of prejudice necessitated by state law; and (3) the first action showed the plaintiff's reasonable and good faith conduct. Thus, the statute of limitations was tolled.

In Aragon's case, however, no comparable filing by Aragon promoted federal labor concerns, notified the employer about the possible pendency of this action, or showed plaintiff's reasonable and good faith pursuit of her remedies. The only official action that she took that could possibly be construed as promoting federal policy, thereby allowing this court to apply California's tolling provisions, is filing claims for unemployment benefits and pursuing these claims through appeal. In fact, it is this action that Aragon raised as a basis for tolling in the district court. These actions do not, however, rise to the level of promoting national labor-management policies in the same way that pursuing claims with the NLRB does. Nor do they notify an employer of the possible pendency of a law suit or show plaintiff's reasonable pursuit of her remedies. Thus,

it would be inappropriate to toll Aragon's cause of action against Ralphs.

   3.  *The district court erred in dismissing Aragon's malpractice claim against the Local's counsel.*

The district court dismissed Aragon's malpractice claim against Counsel for failure to state a claim under Fed.R.Civ.Proc. 12(b)(6). Aragon argues that the claim should not have been dismissed. She asserts that her state malpractice claim is not preempted by federal labor law; that it alleges facts sufficient to withstand a motion to dismiss; and thus that the district court should have either retained the claim under its pendent jurisdiction or remanded the claim to state court. Counsel asserts that Aragon's claim arises under federal law and was properly removed to federal court, but that it was correctly dismissed for two reasons: (1) it was preempted by federal labor law; and, (2) it failed to state a cause of action.

   a.  *Federal law does not preempt the malpractice claim.*

The test for preemption in the labor law field demands that a balance be struck between competing interests.

> [T]he cases reflect a balanced inquiry into such factors as the nature of the federal and state interests in regulation and the potential for interference with federal regulation. As we said in *Vaca v. Sipes*, 386 U.S. [171] at 180 [87 S.Ct. 903 at 911, 17 L.Ed.2d 842] [1967], our cases "demonstrate that the decision to pre-empt federal and state court jurisdiction over a given class of cases must depend upon the nature of the particular interests being asserted and the effect upon the administration of national labor policies of concurrent judicial and administrative remedies."

*Farmer v. United Brotherhood of Carpenters & Joiners of America, Local 25*, 430 U.S. 290, 300–01, 97 S.Ct. 1056, 1063–64, 51 L.Ed.2d 338 (1977).

Based on this balance, federal law preempts a state tort suit by an employer for damages arising from the peaceful picketing of the company by labor unions, because this conduct is regulated by NLRA sections 7 and 8. 29 U.S.C. sections 157 and 158. *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 244–48, 79 S.Ct. 773, 779–81, 3 L.Ed.2d 775 (1959). Federal law similarly preempts a state tort suit against a union complaining of the union's hiring practices and the complainant's resulting inability to obtain employment. This conduct was also regulated by NLRA sections 7 and 8. *Local 100, United Association of Journeymen & Apprentices v. Borden*, 373 U.S. 690, 694–95, 83 S.Ct. 1423, 1425–26, 10 L.Ed.2d 638 (1963). Federal law also preempts a former union member's law suit against his union for dismissing him from the union and procuring his dismissal from employment, where the resolution of the issue depends on the construction of the collective bargaining agreement and the union constitution. In such a case, again, the conduct "was arguably protected by § 7 or prohibited by § 8 of the [NLRA]." *Amalgamated Association of Street, Electric Railway & Motor Coach Employees of America v. Lockridge*, 403 U.S. 274, 293, 91 S.Ct. 1909, 1921, 29 L.Ed.2d 473 (1971).

Federal law does not, however, preempt a state tort action for infliction of emotional distress, where the action meets the strict requirement "that the state tort be either unrelated to employment discrimination or a function of the particularly abusive manner in which the discrimination is accomplished or threatened rather than a function of the actual or threatened discrimination itself." *Farmer*, 430 U.S. at 305, 97 S.Ct. at 1066. Nor did federal law preempt the cause of action asserted in *International Association of Machinists v. Gonzales*, 356 U.S. 617, 78 S.Ct. 923, 2 L.Ed.2d 1018 (1958).

> *Gonzales* was a suit against a labor union by an individual who claimed that he had been expelled in violation of his contractual rights and who was seeking restoration of membership....

   The *Gonzales* decision, it is evident, turned on the Court's conclusion that the lawsuit was focused on purely internal union matters, *i.e.*, on relations between

the individual plaintiff and the union not having to do directly with matters of employment, and that the principal relief sought was restoration of union membership rights.

*Borden,* 373 U.S. at 696–97, 83 S.Ct. at 1427. This circuit, in *Garibaldi v. Lucky Food Stores,* 726 F.2d 1367 (9th Cir.1984), *petition for cert. filed,* 53 U.S.L.W. 310 (June 27, 1984), held that plaintiff's claim that he had been wrongfully discharged in violation of California state public policy also withstood a preemption challenge.

*Garibaldi* sets the analytical framework for determining whether federal law preempts Aragon's malpractice claim. Lucky Food Stores fired Garibaldi. Garibaldi sued for damages in state court, alleging that he was wrongfully discharged in violation of state policy. The action was removed to federal court; this circuit then decided that the action was improperly removed, and that the district court lacked jurisdiction. *Id.* at 1368.

The threshold issue in *Garibaldi,* like in all removal actions, was whether the removal jurisdiction was properly based on a federal claim stated in the complaint.

However, where the state claim has been preempted by federal law, it does not follow that the federal court has jurisdiction. This circuit has repeatedly held that preemption, as a defensive allegation, is not grounds for removal.... Although ordinarily a preempted claim may not be removed to federal court, the "artful pleading" doctrine provides the rationale for the assertion of federal jurisdiction in some cases.... This doctrine allows the removing court to look at the true nature of the plaintiff's complaint when the plaintiff has attempted to avoid a federal cause of action by relying solely on state law in the complaint.... We have followed this doctrine in allowing removal based on preemption in certain labor cases....

Lucky Food Stores asserts that the suit is properly removed under the artful pleading doctrine because Garibaldi's claim is preempted. However, Lucky

Food Stores has missed the second step in the analysis.

*Id.* at 1370 (citations omitted). That second step is looking at the true nature of the plaintiff's complaint. *See also Hunter v. United Van Lines,* 746 F.2d 635, 642–643 (9th Cir.1984) (*"Garibaldi* made it clear that a state-law claim may be recharacterized as a federal claim only when the state-law claim is preempted by federal law *and* when it is apparent from a review of the complaint that federal law provides plaintiff a cause of action to remedy the wrong he asserts he suffered.") (emphasis in original).

In *Garibaldi,* the court held that "Garibaldi's allegation that he was discharged in violation of public policy comports with the limitations of the *Farmer* holding." 726 F.2d 1374. Federal law did not preempt the wrongful discharge claim, and removal was improper. The court stated:

A claim grounded in state law for wrongful termination for public policy reasons poses no significant threat to the collective bargaining process; it does not alter the economic relationship between the employer and employee. The remedy is in *tort,* distinct from any contractual remedy an employee might have under the collective bargaining contract. It furthers the state's interest in protecting the general public—an interest which transcends the employment relationship.

*Garibaldi,* 726 F.2d at 1375 (emphasis in original).

■ The state malpractice claim that Aragon brings also falls within the limitations of the *Farmer* holding. It poses no significant threat to the collective bargaining process; the defendant is not even a party to the collective bargaining agreement. *See Pedro v. Teamsters Local 490,* 509 F.Supp. 83, 85 (N.D.Cal.1981) ("labor organizations ... and employers are the only proper defendants in actions under" the NLRA; the union's attorneys are not). The malpractice claim does not alter the economic relationship between employer and employee; it alters only the relationship between the former employee and a wholly separate

entity, the union's counsel. The remedy is in tort, and it is based on the standard of care the attorney owes the client; it is not a contractual remedy under a collective bargaining agreement. It also furthers the state's interest in protecting the public from legal malpractice, an interest that transcends labor law.

The few factually similar cases decided in this circuit are in accord with this conclusion.[1] In *Pedro v. Teamsters Local 490*, 509 F.Supp. 83 (N.D.Cal.1981), a discharged employee brought a suit against his employer for breach of the collective bargaining agreement, against the union for breach of the duty of fair representation, and against the union's attorneys who were retained to represent him in the arbitration proceedings. The court characterized the action against Pedro's attorneys as a state malpractice claim, and went on to hold that because this claim added the attorneys as defendants, "the ... claim changes from a mere pendent claim to a claim adding pendent *parties*, as to whom there is no independent basis for federal subject matter jurisdiction." *Id.* at 85. This circuit's strong policy against pendent party jurisdiction formed the basis for the court's holding that pendent party jurisdiction was lacking as to the attorneys. The court concluded, however, that "[p]laintiff also is not without remedy in state court on his claims against the lawyer defendants." *Id.* at 86.

In *Weitzel v. Oil Chemical & Atomic Workers International Union*, 667 F.2d 785 (9th Cir.1982), Weitzel filed suit against his union for breach of the duty of fair representation and against the union's law firm for legal malpractice. This circuit affirmed the district court's dismissal of the claim against the union, but reversed the dismissal of the claim against the attorneys. "We conclude that summary judgment was inappropriate because genuine issues of fact remained in the case, both as to the breach of an attorney-client relationship and as to causal relationship of the breach, if any, to the plaintiff's alleged lack of success." *Id.* at 787. Thus, these decisions also support the conclusion that Aragon's malpractice claim is not preempted.

Because federal law neither preempts the state malpractice claim nor provides an independent federal remedy in its place, the district court erred both in retaining jurisdiction over this state law claim and in dismissing it for failure to state a claim.

b. *Aragon's malpractice claim should have been remanded to the state court.*

■ Pendent jurisdiction depends upon the federal court's jurisdiction over one claim, to which the second, nonfederal claim may be appended.

> Pendent jurisdiction, in the sense of judicial *power*, exists whenever there is a [federal] claim ..., and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." The federal claim must have substance sufficient to confer subject matter jurisdiction on the court.

*United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (footnote omitted; emphasis in original). *See also Pedro*, 509 F.Supp. at 85.

■ Aragon's federal claim against the Local for breach of its duty of fair representation and against Ralphs for breach of the collective bargaining agreement are time-barred. Thus, no independent federal

---

1. In *Sklios v. Brotherhood of Teamsters and Auto Truck Drivers Local 70 of Alameda County*, 503 F.Supp. 123 (N.D.Cal.1980), however, the court held that the state tort and contract claims asserted against all defendants—including the attorneys—were preempted by federal labor law. *Id.* at 124–25. "[T]he conduct alleged as a basis for the state law claims—wrongful discharge as the result of collusion between the employer and the union—clearly falls within the purview of federal labor regulation." *Id.* at 125. However, it appears that no separate state malpractice claim was brought against the attorneys in that case. More importantly, the decision in that case was reversed on appeal, without a published opinion. 672 F.2d 923 (9th Cir.1982).

claim confers subject matter jurisdiction on the federal court. Without a federal claim upon which to append the related state cause of action, the federal court has no basis for asserting jurisdiction over Aragon's malpractice claim. *But see Weitzel*, 667 F.2d 785, 787 (appellate court reversed and remanded—apparently to the district court—the former employee's malpractice claim against the union's law firm for the determination of a factual issue as to whether an attorney-client relationship existed and for a related state law issue regarding the statute of limitations). Pendent jurisdiction is therefore inappropriate in Aragon's case.

■  Because Aragon's malpractice claim was not preempted by federal law, and because there exists no independent basis of federal jurisdiction over Aragon's hybrid claim against the Local and Ralphs, the district court had no jurisdiction over this claim. It should be remanded to the district court with instructions to remand to the California state court. It is the province of that state court, not the district court, to determine whether Aragon has alleged facts sufficient to withstand a motion to dismiss. *See Garibaldi*, 726 F.2d 1367, 1376 ("Removal [of state wrongful discharge claim] was improper. Because the district court had no jurisdiction over this case, we reverse and remand to the district court with instructions to remand to the California state court.")

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.