827 F.2d 1363
 126 L.R.R.M. (BNA) 2431, 127 L.R.R.M. (BNA) 2312,
107 Lab.Cas. P 10,218
 Robert G. KILE, Plaintiff-Appellant,
v.
NORTH PACIFIC CONSTRUCTION COMPANY, a corporation; Concrete
Construction Company, a corporation; United Brotherhood of
Carpenters and Joiners of America, AFL-CIO; Local 1147;
United Brotherhood of Carpenters and Joiners of America,
AFL-CIO; Carpenters 46 Northern California Counties
Conference Board; et al., Defendants-Appellees.
Robert G. KILE, Plaintiff-Appellee,
v.
NORTH PACIFIC CONSTRUCTION COMPANY, a corporation; Concrete
Construction Company, a corporation; etc., et
al., Defendants,
and
United Brotherhood of Carpenters and Joiners of America,
AFL-CIO, Local 1147; Carpenters 46 Northern
California Counties Conference Board,
Defendants- Appellants.
 Nos. 85-2293, 85-2431.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 13, 1987.
Memorandum Filed July 23, 1987.
Decided Sept. 15, 1987.
Rehearing Denied Sept. 15, 1987.
As Amended Dec. 7, 1987.
 
 Robert G. Kile, pro se.
 Robert M. Hirsch and Michael B. Roger, San Francisco, Cal., for defendant United Brotherhood of Carpenters.
 John Watkins, Pasadena, Cal., for defendant North Pacific Const. Co.
 Appeal from the United States District Court for the Eastern District of California.
 Before WALLACE, KENNEDY and WIGGINS, Circuit Judges.ORDER
 
 
 1
 IT IS ORDERED that the Per Curiam Opinion with Judge Kennedy's separate concurrence attached hereto be filed in place of the Memorandum disposition heretofore filed in the above case on July 23, 1987.
 
 
 2
 Kile's "Request to Re-Designate Memorandum an Opinion for Publication" is, therefore, granted.
 
 
 3
 Kile's "Request for Clerical Errors" is granted in part and denied in part.
 
 
 4
 We treat Kile's "Request for Corrections" as a petition for rehearing, and it is denied.
 
 OPINION
 PER CURIAM:
 
 5
 The United Brotherhood of Carpenters and Joiners, Local 1147 (union), appeals from the district court's interlocutory order denying the union's motion for summary judgment on Kile's breach of the duty of fair representation claim. The district court properly certified the appeal under 28 U.S.C. Sec. 1292(b), and we have accepted jurisdiction under that section. In addition, Kile cross-appeals from the district court's summary judgment in favor of the North Pacific Construction Company (North Pacific) on Kile's claim pursuant to section 301 of the National Labor Relations Act, 29 U.S.C. Sec. 185, for breach of contract. We affirm the district court's order denying the union's motion for summary judgment, and dismiss Kile's cross-appeal for lack of jurisdiction.
 
 
 6
 The search for the appropriate statute of limitations is a question of law we review de novo. See Aragon v. Federated Department Stores, Inc., 750 F.2d 1447, 1449-55 (9th Cir.) (Aragon ), cert. denied, 474 U.S. 902, 106 S.Ct. 229, 88 L.Ed.2d 229 (1985).
 
 
 7
 As a general rule, orders granting or denying summary judgment in favor of one of several multi-party defendants does not constitute a final appealable judgment. The Federal Rules of Civil Procedure, however, carve out a narrow exception to this finality rule, providing us jurisdiction over such interlocutory orders when the district court certifies "that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b). Here, the district court certified only its order denying the union's motion for immediate appeal. Therefore, we have jurisdiction only over the union's appeal, and not over Kile's cross-appeal against North Pacific.
 
 
 8
 In DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (DelCostello ), the Supreme Court ruled that the six-month statute of limitations governing unfair labor practice suits brought under the National Labor Relations Act, 29 U.S.C. Secs. 151-187, should be applied to both halves of a hybrid section 301/breach of the duty of fair representation suit. 29 U.S.C. Sec. 160(b). With certain narrow exceptions, we have not applied DelCostello retroactively. See Edwards v. Teamsters Local Union No. 36, 719 F.2d 1036, 1040 (9th Cir.1983) (Edwards ), cert. denied, 465 U.S. 1102, 104 S.Ct. 1599, 80 L.Ed.2d 130 (1984). Because the instant action accrued and was filed before DelCostello, we must determine which statute of limitations to apply to Kile's suit against the union.
 
 
 9
 Prior to DelCostello we applied the most closely analogous statute of limitations of the forum state to an employee's hybrid action. United Auto Workers v. Hoosier Cardinal, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966) (Hoosier Cardinal ). In this case, we should apply California law.
 
 
 10
 At the time Kile's cause of action accrued, January 29, 1981, the date of the arbitrator's final ruling, we applied the state statute of limitations for "liability created by statute" to an employee's action against his union. Price v. Southern Pacific Transportation Co., 586 F.2d 750, 753 (9th Cir.1978) (Price ). Between the time Kile's action accrued and the time he filed suit, the Supreme Court ruled that the most closely analogous statute of limitations in a section 301 action against an employer contesting a final arbitration decision was the state statute of limitations for vacating arbitration awards. United Parcel Service v. Mitchell, 451 U.S. 56, 59, 101 S.Ct. 1559, 1562, 67 L.Ed.2d 732 (1981) (Mitchell ). Soon after, our court, applying Mitchell, stated in dicta that the state's statute of limitations for vacating an arbitration award would apply to both parts of any hybrid suit brought after an arbitrator's final decision. See Singer v. Flying Tiger Line, Inc., 652 F.2d 1349, 1353 (9th Cir.1981) (Singer ). Singer was in effect on September 10, 1982, the day Kile filed the instant action.
 
 
 11
 After Kile filed suit, however, we repudiated the dicta in Singer, and ruled that the claim against the union in a hybrid suit should be governed by the state statute of limitations for professional malpractice suits. McNaughton v. Dillingham Corp., 707 F.2d 1042 (9th Cir.1983) (McNaughton ), cert. denied, 469 U.S. 916, 105 S.Ct. 291, 83 L.Ed.2d 227 (1984). McNaughton adopted the view of Justice Stevens in Mitchell, who, writing separately, argued that a breach of the duty of fair representation is analogous to a lawyer who allows a statute of limitations to run on a client's claim. 451 U.S. at 71-76, 101 S.Ct. at 1568-71. The day after McNaughton was filed, it was in effect overruled by DelCostello.
 
 
 12
 Thus, three different statutes of limitations were adopted by the Ninth Circuit in this shadowy period between Price and DelCostello. The union urges us to apply either California's 100-day statute of limitations for vacating arbitration awards, as suggested by Singer, Cal.Civ.Proc.Code Sec. 1288, or California's one-year statute of limitations for professional malpractice, Cal.Civ.Proc.Code Sec. 340.5-.6, as suggested by McNaughton. Kile, on the other hand, argues that we are bound by the holding in Price adopting California's three-year limitations period for "liability created by statute." Cal.Civ.Proc.Code Sec. 338(1).
 
 
 13
 Because the Singer dicta was in effect "overruled" by McNaughton, we have applied Singer 's rationale only in cases that both accrued and were filed between it and McNaughton. See Aragon, 750 F.2d at 1453; Glover v. United Grocers, Inc., 746 F.2d 1380 (9th Cir.1984), cert. denied, 471 U.S. 1115, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985). Here, the arbitrator's ruling was issued on January 29, 1981, 7 months before Singer. Kile filed suit on September 10, 1982, 13 months after Singer, but 8 months before McNaughton. Because Kile's action accrued long before Singer, we agree with the district court that the holding of that case should not be applied here to bar Kile's action against the union.
 
 
 14
 Thus, we must choose between California's one-year statute of limitations for professional malpractice (McNaughton ) or California's three-year statute of limitations for liability created upon statute (Price ). For two reasons, we agree with the district court that the three-year period adopted in Price is the more appropriate. First, selection of an appropriate statute of limitations will necessarily vary by which state's law we must apply. Hoosier Cardinal, 383 U.S. at 701-02, 86 S.Ct. at 1110-11. In McNaughton, we ruled that under Oregon law, the most appropriate statute was the one adopted for professional malpractice suits. That may be true under Oregon law. Here, however, we must apply the law of California. We ruled in Price that under California law, the statute of limitations for "liability created by statute" is the most appropriate. This holding was reaffirmed after McNaughton in Edwards, 719 F.2d 1036. We conclude we should not create a direct conflict with Edwards and Price.
 
 
 15
 Second, Kile filed his action eight months before McNaughton. If we applied McNaughton retroactively to this case, we would, in effect, overrule Price. In Edwards, we ruled that it would be inherently unfair to apply DelCostello retroactively when the result would be a shorter statute of limitations being applied than that in effect when the action accrued. 719 F.2d at 1040. We are required to apply the same rationale here. If we were to adopt the union's suggestion, the time Kile had to file suit would be retroactively shortened from three years to one year. DelCostello and McNaughton were decided one day apart. Applying McNaughton retroactively, but not DelCostello, would have the anomalous result of Kile's suit being barred by the rule announced in a case that has been overruled, but not by the rule announced in a Supreme Court case that is directly on point. Given Price, Edwards, and our rationale for not applying DelCostello retroactively, we agree with the district court that Kile's breach of the duty of fair representation suit is controlled by the three-year statute of limitations applied in Price.
 
 
 16
 APPEAL AFFIRMED; CROSS-APPEAL DISMISSED.
 
 KENNEDY, Circuit Judge, concurring:
 
 17
 I concur. I agree that the precedents require us to apply different limitation periods to suits against employers and unions for violations of section 301 of the National Labor Relations Act. I find this result very odd, however. I suppose the good news is that in the not-so-distant future DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), will apply to all the cases before us, and we will no longer be compelled to reenter the labyrinth that we have created for ourselves and litigants. Compare, e.g., Singer v. Flying Tiger Line, Inc., 652 F.2d 1349 (9th Cir.1982), with McNaughton v. Dillingham Corp., 707 F.2d 1042 (9th Cir.1983), cert. denied, 469 U.S. 916, 105 S.Ct. 291, 83 L.Ed.2d 227 (1984), with Aragon v. Federated Dep't Stores, Inc., 750 F.2d 1447 (9th Cir.), cert. denied, 474 U.S. 902, 106 S.Ct. 229, 88 L.Ed.2d 229 (1985).